IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RYAN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL TRADE COMMISSION, <br><br> Defendant. | Civil Action No. 3:24-cv-986-E |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION**

Before the Court is Plaintiff's Motion for Stay of Effective Date and Preliminary Injunction. After due consideration of the briefing, arguments, evidence presented, pleadings, documents filed with the Court, and applicable law, Plaintiff's Motion is **GRANTED**.

Plaintiff seeks an order staying the effective date of the Non-Compete Clause Rule released by Defendant Federal Trade Commission on April 23, 2024 ("Non-Compete Rule"). Plaintiff is entitled to a preliminary injunction if "(1) [it is] likely to succeed on the merits, (2) [it is] likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [its] favor, and (4) an injunction is in the public interest." *McDonald v. Longley*, 4 F.4th 229, 255 (5th Cir. 2021) (quotation marks omitted).

The Court finds that Plaintiff is likely to succeed on the merits because the Commission lacks the statutory authority to promulgate substantive rules defining

1

unfair methods of competition. Section 6(g) of the Federal Trade Commission Act does not confer this authority, and the major questions doctrine confirms that Congress did not implicitly authorize the Commission to retroactively invalidate 30 million employment contracts and preempt the laws of 46 States. *See West Virginia v. EPA*, 142 S. Ct. 2587, 2605 (2022). And if Section 6(g) did provide the Commission with authority to promulgate substantive rules defining unfair methods of competition, that grant of authority would violate the non-delegation doctrine. *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 529 (1935). The Court construes Section 6(g) not to confer such authority. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 516 (2009). The Commission's Non-Compete Rule is thus unlawful under the Administrative Procedure Act. *See* 5 U.S.C. § 706.

Plaintiff is likely to suffer irreparable harm in the absence of a preliminary injunction. If the Non-Compete Rule takes effect and Plaintiff's non-competes are invalidated, Plaintiff will be subject to the serious risk that departing shareholders or other team members will poach Ryan's team members and clients to its competitors, as well as the possibility that certain team members may be emboldened to violate non-disclosure obligations without the prophylactic of a non-compete. *See J.M. Fields of Anderson, Inc. v. Kroger Co.*, 310 F.2d 562, 564 (5th Cir. 1962); *see* Tice Decl. Ryan also will suffer irreparable harm from expending the resources to prepare to comply with the Non-Compete Rule and evaluating and developing alternative

methods to protect its confidential business information. *See* Tice Decl. Those costs are "more than *de minimis*" and "cannot be recovered in the ordinary course of litigation" against the federal government. *Restaurant Law Ctr. v. Dept. of Labor*, 66 F.4th 593, 597, 600 (5th Cir. 2023) (quotation marks omitted). Accordingly, these harms are irreparable.

Further, the balance of equities and public interest—which "merge when the Government is the opposing party," *Nken v. Holder*, 556 U.S. 418, 435 (2009)—favor an injunction. Ryan and countless other businesses "have serious reliance interests on preserving the status quo," *Texas v. Becerra*, 577 F. Supp. 3d 527, 561 (N.D. Tex. 2021), under which non-competes are legal in 46 States, including Texas. These businesses rely on non-competes to protect their intellectual property and prevent the poaching of their clients and their workers. Conversely, because non-competes have been legal for centuries, the Commission and public will suffer no harm from a preliminary injunction while litigation proceeds.

It is therefore **ORDERED** that, as of the date of this order, the effective date of the Federal Trade Commission's "Non-Compete Clause Rule" is **STAYED** unless and until the Court orders otherwise.

It is **FURTHER ORDERED** that, as of the date of this order, the Federal Trade Commission and its agents are **ENJOINED** from enforcing the Non-Compete

Clause Rule, including, but not limited to, through any ongoing or future administrative action.

**SO ORDERED**

_____, 2024

_____
UNITED STATES DISTRICT JUDGE