IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

RYAN, LLC,

           Plaintiff,

v.

FEDERAL TRADE COMMISSION,

           Defendant.

Civil Action No. 3:24-cv-986-E

# RYAN, LLC'S BRIEF IN SUPPORT OF MOTION FOR EXPEDITED BRIEFING REGARDING ITS MOTION FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION

*EXPEDITED TREATMENT REQUESTED*

Allyson N. Ho
Texas Bar No. 24033667
Elizabeth A. Kiernan
Texas Bar No. 24105666
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900
aho@gibsondunn.com

Charles W. Fillmore
Texas Bar No. 00785861
H. Dustin Fillmore III
Texas Bar No. 06996010
THE FILLMORE LAW FIRM LLP
201 Main Street, Suite 700
Fort Worth, TX 76102
Telephone: 817.332.2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Eugene Scalia (*pro hac vice*)
Amir C. Tayrani (*pro hac vice*)
Andrew G. I. Kilberg (*pro hac vice*)
Aaron Hauptman (*pro hac vice*)
Joshua R. Zuckerman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
escalia@gibsondunn.com

*Attorneys for Ryan, LLC*

# INTRODUCTION

Plaintiff Ryan, LLC ("Ryan") respectfully moves pursuant to Local Rule 7.1 for expedited briefing and consideration of Ryan's Motion for Stay of Effective Date and Preliminary Injunction regarding Defendant Federal Trade Commission's Non-Compete Clause Rule ("Non-Compete Rule"). The Commission voted to approve and released the Non-Compete Rule on April 23, 2024. Ryan filed suit the same day, alleging that the Non-Compete Rule exceeds the Commission's statutory authority, is arbitrary and capricious, and violates the Constitution. Ryan filed its motion for a stay and preliminary injunction today, May 1, 2024. To avoid irreparable harm to itself and vast numbers of other employers, Ryan respectfully requests an expedited briefing schedule under which the Commission files an opposition to the motion for a stay and preliminary injunction by **May 15, 2024**, and Ryan files a reply brief by **May 22, 2024**. Further, Ryan respectfully requests a hearing **within 21 days after completion of briefing** and a decision from this Court on its motion for a stay and preliminary injunction **within 21 days of the hearing—i.e., by July 3, 2024**.

## STATEMENT OF NATURE AND STAGE OF PROCEEDING

Ryan filed its initial complaint on April 23, 2024, and an amended complaint on May 1, 2024. ECF 1, 22. Concurrent with this motion, Ryan filed a motion for stay of effective date and preliminary injunction on May 1, 2024. ECF 23. The instant motion requests expedited briefing and decision on that motion.

**STATEMENT OF ISSUES AND STANDARD OF REVIEW**

The issue presented is whether to expedite briefing on Ryan's motion for stay of effective date and preliminary injunction. Courts have "broad discretion" to set briefing and hearing schedules. *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 2015 WL 13227930, at *2 (E.D. La. Dec. 4, 2015); *see also, e.g.*, *Conner v. Biden*, 2021 WL 6773174, at *3 (N.D. Tex. Dec. 28, 2021).

**DISCUSSION**

Like countless other businesses, Ryan uses non-compete agreements as one of type of tool to prevent former principals and other team members from poaching its clients and departing principals and other team members from sharing Ryan's confidential business information with its competitors. But under the Commission's Non-Compete Rule, Ryan will be unable to enforce these agreements. The Non-Compete Rule outlaws nearly all future non-competes and renders existing non-competes unenforceable, subject to very limited exceptions. 16 C.F.R. §§ 910.2-.3.[*] The Non-Compete Rule requires businesses to send a "clear and conspicuous notice" to current and former workers with whom it has a non-compete agreement, stating that the "non-compete clause will not be, and cannot legally be, enforced against" them. *Id.* § 910.2(b). It also purports to preempt the laws of the 46 States, including Texas, where non-competes have long been legal. *Id.* § 910.4; Tex. Bus. &

---

[*] A copy of the Rule is attached as Exhibit A to Amended Complaint, ECF 22-1.

Commerce Code § 15.50(a).  The Non-Compete Rule takes effect on September 4, 2024—120 days after it is set to be published in the Federal Register.  *Id.* § 910.6.

If the Non-Compete Rule is not enjoined, it will inflict irreparable harm on Ryan and numerous similarly situated businesses.  In addition to the serious risk of client-poaching and the dissemination of its confidential business information, Ryan will incur significant compliance costs from rewriting its agreements and drafting and disseminating the Commission-mandated notice.  Ryan will have to take those steps to comply with the Rule well in advance of the effective date, and for that reason, will have to appeal if its request for a stay or preliminary injunction is denied.  Indeed, Ryan has *already* spent time identifying who has active non-compete agreements with Ryan to prepare to comply with the Non-Compete Rule.  And if this Court enjoins the Rule after it has already taken effect, there will be no means of remedying the harm that Ryan will have suffered in the meantime from the dissemination of its confidential information and the loss of its clients and employees.

Ryan thus respectfully moves for a briefing schedule under which (1) the Commission files an opposition to the motion for a stay and preliminary injunction by **May 15, 2024** and (2) Ryan files a reply brief by **May 22, 2024**.  Further, Ryan respectfully requests a hearing with the Court by **June 12, 2024** and a ruling on the motion for a stay and preliminary injunction by **July 3, 2024**, to allow time to seek appellate relief, if necessary, before the Non-Compete Rule takes effect on

3

September 4, 2024. "Expedite[d]" briefing and consideration are warranted in this "time-sensitive" preliminary-injunction proceeding. *Conner v. Biden*, 2021 WL 6773174, at *3 (N.D. Tex. Dec. 28, 2021) (decision 14 days after motion); *see also, e.g.*, *Home Health Care Plus, Inc. v. Burwell*, 85 F. Supp. 3d 866, 867 (N.D. Tex. 2014) (decision 22 days after motion).

This expedited briefing schedule is reasonable. Ryan's claims arise under the Administrative Procedure Act and United States Constitution and present pure questions of law. Moreover, the Commission is to blame for the urgency: it inexplicably provided only a 120-day period to comply with the Non-Compete Rule, whereas the Proposed Rule would have provided a 180-day period. 88 Fed. Reg. 3482, 3536 (Jan. 19, 2023). Conversely, Ryan moved as quickly as possible to vindicate its rights, filing its complaint immediately after the Commission voted to approve and released the Rule and filing its motion for a stay and preliminary injunction only eight days later. A ruling by July 3, 2024 would enable Ryan and countless other employers to avert much—albeit not all—of the costs and harms associated with the Rule's anticipated effective date.

## CONCLUSION

For the foregoing reasons, this Court should grant Ryan's motion to expedite briefing and consideration of its motion for a stay and preliminary injunction.

4

Respectfully submitted,

Dated: May 1, 2024                                        */s/ Allyson N. Ho*

| | |
|---|---|
| Allyson N. Ho | Eugene Scalia (*pro hac vice*) |
| Texas Bar No. 24033667 | Amir C. Tayrani (*pro hac vice*) |
| Elizabeth A. Kiernan | Andrew G. I. Kilberg (*pro hac vice*) |
| Texas Bar No. 24105666 | Aaron Hauptman (*pro hac vice*) |
| GIBSON, DUNN & CRUTCHER LLP | Joshua R. Zuckerman (*pro hac vice*) |
| 2001 Ross Avenue, Suite 2100 | GIBSON, DUNN & CRUTCHER LLP |
| Dallas, TX 75201 | 1050 Connecticut Avenue, N.W. |
| Telephone: 214.698.3100 | Washington, DC 20036 |
| Facsimile: 214.571.2900 | Telephone: 202.955.8500 |
| aho@gibsondunn.com | Facsimile: 202.467.0539 |
| ekiernan@gibsondunn.com | escalia@gibsondunn.com |
| | atayrani@gibsondunn.com |
| Charles W. Fillmore | akilberg@gibsondunn.com |
| Texas Bar No. 00785861 | ahauptman@gibsondunn.com |
| H. Dustin Fillmore III | jzuckerman@gibsondunn.com |
| Texas Bar No. 06996010 | |
| THE FILLMORE LAW FIRM LLP | |
| 201 Main Street, Suite 700 | |
| Fort Worth, TX 76102 | |
| Telephone: 817.332.2351 | |
| chad@fillmorefirm.com | |
| dusty@fillmorefirm.com | |

*Attorneys for Ryan, LLC*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume requirements of Judge Brown's Case Management Procedure II.A because it contains 958 words; and

2. This document complies with the typeface requirements of Judge Brown's Case Management Procedure II.A because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: May 1, 2024                     Respectfully submitted,

                                                 */s/ Allyson N. Ho*
                                                 Allyson N. Ho
                                                 GIBSON, DUNN & CRUTCHER LLP
                                                 2001 Ross Avenue, Suite 2100
                                                 Dallas, TX 75201
                                                 214.698.3100
                                                 aho@gibsondunn.com

## CERTIFICATE OF SERVICE

I hereby certify that, on May 1, 2024, I caused the foregoing motion to be filed with the Clerk for the U.S. District Court for the Northern District of Texas through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

Dated: May 1, 2024                Respectfully submitted,

*/s/ Allyson N. Ho*
Allyson N. Ho
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
214.698.3100
aho@gibsondunn.com