IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>    Defendant. | CASE NO.: 3:24-CV-986 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING REGARDING ITS MOTION FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION**

On April 23, 2024, the Federal Trade Commission ("the Commission") issued a rule declaring most uses of non-compete clauses ("non-competes") unlawful as an unfair method of competition under Section 5 of the Federal Trade Commission Act ("the FTC Act") after the rule's effective date. *See* Fed. Trade Comm'n, Non-Compete Clause Rule, RIN 3084-AB74 (Apr. 23, 2024) (to be codified at 16 C.F.R. part 910), https://perma.cc/4JXF-LXBW ("the Final Rule"). The Final Rule was carefully considered and designed to prevent harms wrought by non-competes, such as suppressing wages, dampening innovation, preventing business from hiring the talent necessary to be successful, and inhibiting new businesses from starting. Although the Final Rule is currently on public inspection, and scheduled for publication on May 7, 2024, no provision of the Final Rule becomes effective until 120 days after publication,

1

which, if publication proceeds as scheduled, would be September 4, 2024. In a sister case challenging the Final Rule in the Eastern District of Texas on materially similar grounds,[1] the court noted that "the rule's 120-day delayed effective date allows at least some time to maneuver." Scheduling Order, *Chamber of Commerce, et al. v. Federal Trade Commission, et al.* No. 6:24-cv-148 (E.D. Tex.) (Apr. 26, 2024), ECF No. 20.[2]

## NATURE AND STAGE OF PROCEEDING

Nonetheless, even though the Final Rule will not be effective for over four months, Plaintiff, Ryan, LLC, has moved for emergency relief, including a preliminary injunction. ECF No. 23. Furthermore, Plaintiff seeks to expedite briefing, arguing that the Commission should have a full week less than it would otherwise be entitled to under Local Rule 7.1(e) to respond to Plaintiff's motion for emergency relief. ECF No.

---

[1] Plaintiff Ryan, LLC is a member of an organizational plaintiff in that later-filed case. On that basis, the Commission filed a motion in the later-filed case to limit relief to the organizational plaintiffs' identified members, or in the alternative, transfer venue under the first-to-file rule to this district, the Northern District of Texas. *Chamber of Commerce, et al. v. Federal Trade Commission, et al.*, No. 6:24-cv-00148 (E.D. Tex.) (Apr. 30, 2024), ECF No. 23. That motion remains pending as of the date of this filing.

[2] The court there also determined it was appropriate to "consider summary judgment granting permanent relief on the same schedule as it considers plaintiffs' motion for preliminary relief." *Id.* at 3. The court then set forth a schedule ordering expedited cross-motions for summary judgment in which the court provided two weeks from the time of the court's order for the plaintiffs to supplement their motion for preliminary relief with additional briefing and attachments pertinent to summary judgment, an additional three weeks for Defendants' response and cross motion, twelve days for Plaintiffs' reply, and another week for Defendants' reply, with an argument to be set thereafter. *Id.* at 3-4. If this Court determines that a similar schedule would allow this Court to more efficiently manage this case, the Commission is amenable to such a schedule.

25. Plaintiff also insists that this Court must issue a decision by July 3, 2024, a full two months before the Final Rule is set to become effective. *Id.* No good cause supports Plaintiff's position.

## ARGUMENT

Plaintiff's assertion of good cause collapses its argument for irreparable harm in support of a preliminary injunction with the purported reasons for expedited briefing. ECF No. 26 at 3. But even taking Plaintiff's assertion of harm at face value, something that Defendant contests, Plaintiff offers no explanation as to why Defendant should suffer the prejudice of receiving a shorter time to respond to Plaintiff's emergency motion. Accepting the timing proposed by the remainder of Plaintiffs' proposed schedule,[3] proceeding under the briefing schedule specified in the local rules would not prevent this Court from issuing a decision months before the Rule will become effective. Given the weighty issues raised by Plaintiff's motion, and the fact that the Final Rule is nearly 600 pages, twenty-one days for Defendants' response to Plaintiff's emergency motion is warranted.

Plaintiff's analogy to two cases proceeding on an expedited basis in this District is also inapposite. In *Conner v. Biden*, 2021 WL 6773174, at *3 (N.D. Tex. Dec. 28, 2021), the complaint was filed a mere 27 days before the action sought to be enjoined. Here,

---

[3] While Defendant disagrees that a decision on Plaintiff's motion must be made by any particular date, Defendant takes no position on the remainder of the schedule requested by Plaintiff other than the deadline for Defendant's response.

3

in contrast, Plaintiff's complaint was filed at least 134 days before the rule will go into effect, allowing the court nearly five times as long to address Plaintiff's motion. And, in *Home Health Care Plus, Inc. v. Burwell*, 85 F. Supp. 3d 866, 867 (N.D. Tex. 2014), the court ordered expedited briefing in lieu of proceeding on an ex parte motion for temporary restraining order, a procedural posture materially different from the one in this case.

## CONCLUSION

Because Plaintiff has not established good cause for shortening the time for Defendant's response to its emergency motion, and in light of the prejudice to Defendant in proceeding on an extremely expedited basis, Defendant respectfully requests that Plaintiff's motion for expedited briefing be denied, and Defendant be permitted to file its response to Plaintiff's motion to stay effective date and for preliminary injunction in accordance with the time provided under the Local Rules, making Defendant's response due on May 22, 2024.

Dated: May 2, 2024                    Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Principal Deputy Assistant Attorney General

                                      LESLEY R. FARBY
                                      Assistant Branch Director

                                      _/s/ Rachael L. Westmoreland_

RACHAEL L. WESTMORELAND (GA Bar No. 539498)
TAISA M. GOODNATURE
MADELINE M. MCMAHON
ARJUN MODY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-1280
E-mail: rachael.westmoreland@usdoj.gov

## CERTIFICATE OF WORD COUNT

This document complies with the Court's word count requirement because it contains 901 words.

Dated: May 2, 2024                  */s/ Rachael L. Westmoreland*
RACHAEL L. WESTMORELAND (GA Bar No. 539498)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-1280
E-mail: rachael.westmoreland@usdoj.gov

## CERTIFICATE OF SERVICE

On May 2, 2024, I electronically filed the above response with the clerk of court for the U.S. District Court, Northern District of Texas. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Rachael L. Westmoreland*

Rachael L. Westmoreland