IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

RYAN, LLC,

    Plaintiff,

v.

FEDERAL TRADE COMMISSION,

    Defendant.

Civil Action No. 3:24-cv-986-E

# RYAN, LLC'S REPLY BRIEF IN SUPPORT OF
# MOTION FOR EXPEDITED BRIEFING REGARDING ITS MOTION
# FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION

*EXPEDITED TREATMENT REQUESTED*

Allyson N. Ho
Texas Bar No. 24033667
Elizabeth A. Kiernan
Texas Bar No. 24105666
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900
aho@gibsondunn.com

Charles W. Fillmore
Texas Bar No. 00785861
H. Dustin Fillmore III
Texas Bar No. 06996010
THE FILLMORE LAW FIRM LLP
201 Main Street, Suite 700
Fort Worth, TX 76102
Telephone: 817.332.2351
chad@fillmorefirm.com
dusty@fillmorefirm.com

Eugene Scalia (*pro hac vice*)
Amir C. Tayrani (*pro hac vice*)
Andrew G. I. Kilberg (*pro hac vice*)
Aaron Hauptman (*pro hac vice*)
Joshua R. Zuckerman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
escalia@gibsondunn.com

*Attorneys for Ryan, LLC*

**ARGUMENT**

Plaintiff Ryan, LLC respectfully requests expedited briefing and consideration of its Motion for Stay of Effective Date and Preliminary Injunction regarding Defendant Federal Trade Commission's Non-Compete Clause Rule ("Rule"), which Ryan filed promptly after release of the Rule. Ryan seeks to complete briefing quickly to allow sufficient time for the Court to consider the briefs, hear oral argument if the Court believes that would be helpful, and issue a decision approximately two months before the Rule's effective date. As Ryan explained in its motion to expedite, a decision by July 3, 2024, would prevent much (but not all) of the irreparable harm the Rule will inflict upon Ryan and countless other businesses—or, if a stay and preliminary injunction are not granted, will allow Ryan sufficient time to appeal.

The urgency of the matter is due to the Commission's choice to provide only 120 days to comply with this extraordinarily disruptive Rule. In contrast, the proposed rule would have become effective 180 days after publication, and businesses would not have had to send notices to workers until 225 days after publication. *See* 88 Fed. Reg. 2482, 3535-36 (Jan. 19, 2023). That schedule would have provided the Court and the parties far more "'time to maneuver'" than the needlessly accelerated timeline adopted in the Final Rule. Opp. 2.

The Commission nevertheless complains that it would suffer prejudice from expedited briefing because its Rule presents "weighty issues" and is "nearly 600 pages." Opp. 3. But the length of the Rule's preamble is irrelevant because the merits arguments Ryan has invoked in its motion for a stay and preliminary injunction present statutory and constitutional issues that do not require a close parsing of the rulemaking record or the Commission's policy justifications. Moreover, the Commission was well aware even before it proposed the Rule fifteen months ago that its extremely controversial attempt to retroactively invalidate 30 million contracts and preempt the laws of at least 46 States would spark litigation, and that many—including Ryan—questioned its authority to promulgate the Rule. Having courted litigation, the Commission should be well-prepared to argue its case.

## CONCLUSION

For the foregoing reasons, this Court should grant Ryan's motion to expedite briefing and consideration of its motion for a stay and preliminary injunction.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: May 2, 2024 | */s/ Allyson N. Ho* |
| Allyson N. Ho<br>Texas Bar No. 24033667<br>Elizabeth A. Kiernan<br>Texas Bar No. 24105666<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>Telephone: 214.698.3100<br>Facsimile: 214.571.2900<br>aho@gibsondunn.com<br>ekiernan@gibsondunn.com<br><br>Charles W. Fillmore<br>Texas Bar No. 00785861<br>H. Dustin Fillmore III<br>Texas Bar No. 06996010<br>THE FILLMORE LAW FIRM LLP<br>201 Main Street, Suite 700<br>Fort Worth, TX 76102<br>Telephone: 817.332.2351<br>chad@fillmorefirm.com<br>dusty@fillmorefirm.com | Eugene Scalia (*pro hac vice*)<br>Amir C. Tayrani (*pro hac vice*)<br>Andrew G. I. Kilberg (*pro hac vice*)<br>Aaron Hauptman (*pro hac vice*)<br>Joshua R. Zuckerman (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br>escalia@gibsondunn.com<br>atayrani@gibsondunn.com<br>akilberg@gibsondunn.com<br>ahauptman@gibsondunn.com<br>jzuckerman@gibsondunn.com |

*Attorneys for Ryan, LLC*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume requirements of Judge Brown's Case Management Procedure II.A because it contains 378 words; and

2. This document complies with the typeface requirements of Judge Brown's Case Management Procedure II.A because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: May 2, 2024

Respectfully submitted,

*/s/ Allyson N. Ho*
Allyson N. Ho
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
214.698.3100
aho@gibsondunn.com

# CERTIFICATE OF SERVICE

I hereby certify that, on May 2, 2024, I caused the foregoing motion to be filed with the Clerk for the U.S. District Court for the Northern District of Texas through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

Dated: May 2, 2024

Respectfully submitted,

*/s/ Allyson N. Ho*
Allyson N. Ho
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
214.698.3100
aho@gibsondunn.com