IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC,<br><br>                 *Plaintiff*,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>                 *Defendant.* | Case No. 3:24-cv-986-E |

**BRIEF IN SUPPORT OF UNOPPOSED MOTION
TO INTERVENE AS PLAINTIFFS**

On April 23, 2024, the Federal Trade Commission adopted the Noncompete Rule—a rule that, by design and the agency's own estimates, will invalidate more than 30 million existing noncompete agreements and categorically ban such agreements in the future across the United States. The next morning, on April 24, 2024, the Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce (intervenors) filed suit against the Commission in the U.S. District Court for the Eastern District of Texas, seeking to set aside the Rule under the Administrative Procedure Act. *See Chamber of Commerce of the United States of America* v. *Federal Trade Commission*, No. 6:24-cv-00148 (E.D. Tex. 2024). Intervenors filed that suit on behalf of their members, which include businesses in every sector of the

United States. Later that same day, intervenors moved for preliminary relief staying the effective date of the Rule and preliminarily enjoining its application to intervenors' members.

Shortly after intervenors filed their suit and moved for preliminary relief, the Honorable J. Campbell Barker entered a scheduling order to expedite briefing on a permanent injunction. The Commission, however, subsequently moved to transfer the case to this Court, and in response Judge Barker entered an order staying the case. Judge Barker concluded that, because Ryan, LLC had filed its complaint in this Court the previous day, "considerations of comity" warranted "moving related proceedings to" this court. *Chamber of Commerce* v. *Federal Trade Comm'n*, 2024 WL 1954139, at *4 (E.D. Tex. May 3, 2024). Seeing a "potential for inconsistent judgments in the two cases," Judge Barker concluded that "steering plaintiffs to intervene in *Ryan*" was the appropriate course. *Id.* at *4, *8.

Although intervenors respectfully disagree with Judge Barker's analysis and decision, the Rule is set to take effect in less than four months, creating uncertainty and ongoing harm to intervenors' members. It is therefore paramount that intervenors participate in this action to protect their members' interests, seek interim relief, and ensure that they are able to press their claims following the stay order.

Intervenors readily satisfy the requirements for intervention under Rule 24. They may intervene as of right because (i) their motion is timely, filed only three

2

business days after the order staying their case; (ii) they have an indisputable interest in the subject matter of this case, as reflected in their own lawsuit challenging the Noncompete Rule; (iii) their rights could be affected by the disposition of this action; and (iv) their interests are not adequately represented by Ryan, LLC, which cannot speak for all of intervenors' members.

Even if the Court disagreed with intervenors on any of those points, permissive intervention under Rule 24(b) would be appropriate. Intervenors challenge the same rule and press many of the same claims as the plaintiff here. Indeed, Judge Barker repeatedly noted the "substantial overlap" between the claims in the two suits in his stay order. 2024 WL 1954139, at *7. And the Commission itself requested that intervenors' case be transferred to this Court. As Judge Barker put it, the "Federal Rules of Civil Procedure should easily accommodate the addition of [intervenors] to" this case. *Id*. at *8.

## ARGUMENT

### A.    This Court Should Allow Intervention As Of Right.

Rule 24(a)(2) provides that Court must allow intervention when (i) the motion for intervention is timely; (ii) the movant has "an interest relating to the property or transaction which is the subject of the action"; (iii) the movant is "so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest"; and (iv) the movant's interest is "inadequately represented

3

by the existing parties to the suit." *Texas* v. *U.S.*, 805 F.3d 653, 657 (5th Cir. 2015) (internal quotation omitted). When considering motions to intervene as of right, "Rule 24 is to be liberally construed." *Brumfield* v. *Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). Intervenors readily satisfy each of these requirements.

*Timeliness.* A motion to intervene is timely when it is filed shortly after the movant learned of its interest in the case and no party is prejudiced by the timing of the motion. *See Stallworth* v. *Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977). Here, intervenors are filing their motion within three business days of Judge Barker's order staying their case and steering them to intervene here. And no party to this case is conceivably prejudiced by the timing of the motion. This case was filed only two weeks ago; a briefing schedule was just entered yesterday; intervenors challenge the same rule as the plaintiff here; and the Commission expressly asked that intervenors' suit be transferred to this Court. Courts routinely find motions to intervene timely under similar circumstances. *See e.g.*, *Rostain* v. *Trustmark Nat'l Bank*, No. 3:09-CV-2384-N, 2012 WL 12930084, at *1 (N.D. Tex. Dec. 6, 2012) (Godbey, J.) (finding intervention motion timely where litigation was "still at a relatively early stage"); *Lincoln General Ins. Co.* v. *Autobuses Tierra Caliente Inc.*, No. 3:04-CV-1535-L, 2005 WL 8158376, at *1 (N.D. Tex. Feb. 17, 2005) (Lindsay, J.) ("[M]otion to intervene is timely, as it was made at an early stage in the litigation and there will be no prejudice to the parties if it is granted.").

4

*Intervenors' interests.* To demonstrate an interest in a pending case, an intervenor must "show[] a direct, substantial, legally protectable interest in the proceedings." *Field*, 35 F.4th at 1018. Intervenors' interests in this case are clear: they have already filed suit seeking to set aside the Noncompete Rule in order to prevent immediate and severe harms to their members. Intervenors have standing to pursue those claims, and they submitted declarations explaining in detail the harms caused by the Noncompete Rule—both before and after the Rule's effective date. *See* Motion for Stay of Effective Date and Preliminary Injunction at 34-35, *Chamber* v. *FTC*, No. 6:24-cv-00148 (E.D. Tex. Apr. 24, 2024), ECF No. 12. In seeking to transfer intervenors' case to this Court, the Commission did not contest that intervenors have standing to assert their claims. These interests easily clear the bar required for intervention as of right. *See Wal–Mart Stores* v. *Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016) (holding that an association may intervene because it has a "'legally protectable' interest" in a regulatory scheme).

*Impairment of intervenors' interests*. Upon demonstrating an interest in the pending lawsuit, an intervenor must show that the "disposition of the action may, as a practical matter, impair [its] ability to protect that interest." *La Union del Pueblo Entero* v. *Abbott*, 29 F.4th 299, 306-307 (5th Cir. 2022) (emphasis added). That test is met so long as "there is a *possibility* that [the movant's] interest could be impaired

5

or impeded." *Id.* at 307 (emphasis added). Intervenors meet this requirement because a judgment in favor of the Commission would deny intervenors' members preliminary relief and would undermine intervenors' challenge to the Noncompete Rule in separate litigation. As courts recognize, "the precedential effect of the district court's decision," if it results in an adverse judgment, "would impair" intervenors' "ability to protect their interest." *See Sierra Club* v. *Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994).

*Inadequate representation.* Intervention as of right is appropriate when representation by the existing parties "*may* be inadequate." *Texas* v. *United States*, 805 F.3d 653, 661 (5th Cir. 2015) (emphasis in original). Even when the existing party shares the same "ultimate objective," intervention is appropriate when the parties' interests may not align precisely. *Brumfield* v. *Dodd*, 749 F.3d 339, 345 (5th Cir. 2014); *see Wal–Mart Stores, Inc.*, 834 F.3d at 569 (permitting intervention where association's interest in protecting its members' businesses differed in scope from those of a government litigant).

Here, Ryan is a single company representing its own interests, and its standing to challenge the Noncompete Rule is based on the unique effects of that rule on its particular business. Intervenors, by contrast, represent virtually every sector of the U.S. business community affected by the Noncompete Rule. Intervenors thus are positioned to advance arguments that protect interests that are broader than, and

6

potentially separate and distinct from, those alleged by Ryan. *See Heaton* v. *Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425 (5th Cir. 2002) (holding that it "is enough" that intervenor's interests "may diverge in the future, even though . . . they appear to share common ground"); *see also Alliance for Hippocratic Med.* v. *U.S. Food & Drug Admin.*, No. 2:22-CV-223-Z, 2024 WL 1260639, at *6 (N.D. Tex. Jan. 12, 2024) (Kacsmaryk, J.) (allowing intervention based on intervenor's "broader interests" and ability to "assert[] interests and arguments that cannot be asserted by" the existing parties).

**B.   Alternatively, This Court Should Grant Permissive Intervention.**

Independent of intervenors' entitlement to intervene as of right, this is a clear-cut case for permissive intervention under Rule 24(b). "A district court may permit intervention if a timely motion is filed and the applicant has a claim or defense that shares with the main action a common question of law or fact." *Rotstain* v. *Martinez*, 986 F.3d 931, 942 (5th Cir. 2021) (citing Fed. R. Civ. P. 21(b)(1)(B)). The Fifth Circuit has held that "Rule 24 is to be liberally construed," *Brumfield* v. *Dodd*, 749 F.3d 339, 341 (5th Cir. 2014), and that "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club*, 18 F.3d at 1205 (internal quotation omitted).

Intervenors have a particularly compelling case for permissive intervention. For the reasons explained above, intervenors' motion is timely and could not

7

conceivably cause harm to either party in this suit. As Judge Barker recognized, intervenors challenge the same rule and assert claims that overlap with those asserted by Ryan. 2024 WL 1954139, at *7. And most importantly, this suit currently presents the only opportunity for intervenors to protect their rights. Judge Barker has stayed intervenors' own suit in comity to this Court, and "steer[ed]" intervenors to seek intervention in this case. Accordingly, this case easily meets the requirements for permissive intervention.

### C. If Intervention Is Granted, Intervenors' Participation Will Not Delay The Briefing Schedule.

Intervenors are prepared to file their motion for a stay and preliminary injunction promptly after receiving the Court's permission to intervene. In intervenors' view, their prompt filing of that motion would not require any delay to the current scheduling order entered by the Court. ECF No. 31. Moreover, intervenors already filed their motion for a stay and preliminary injunction two weeks ago in the case before Judge Barker—before plaintiff Ryan filed its motion in this case. Defendants have thus already had two full weeks to consider intervenors' arguments. As defendants are aware, intervenors' motion presents largely the same arguments as those asserted in plaintiff's motion to stay. There is no apparent reason why defendants could not respond to intervenors' motion at the same time as plaintiff's parallel motion.

8

Defendants disagree that intervenors' forthcoming motion can be resolved on the existing briefing schedule, and state their position as follows:

"Defendants do not oppose movants' request for intervention to the extent it will not result in prejudice to Defendants. Defendants oppose movants' suggestion that, if intervention is granted, movants will file an emergency motion that could be resolved on the same briefing schedule recently entered by the Court on Plaintiff, Ryan, LLC's, motion to stay. *See* Order, ECF No. 31. If the Court grants the motion to intervene and movants file an emergency motion immediately, Defendants request the opportunity to file a single consolidated response to movants' and Plaintiff's stay motions with an extension of word limitation and would be amenable to modifying the schedule as follows:

1. May 29, 2024: Deadline for Defendants' consolidated response, with word limit of 4,250.
2. June 10, 2024: Deadline for movants' and Ryan, LLC's replies.
3. June 17, 2024: Hearing on movants' and Ryan, LLC's motions to stay."

In other words, defendants want an extra week to file a consolidated response, they want to shorten the reply time for plaintiff and intervenors from 14 to 12 days, and they want the briefing to conclude only a week before a June 17 hearing.

9

Intervenors do not believe any of that is necessary, since intervenors' stay motion closely parallels plaintiff's stay motion. This Court adhered to the usual briefing schedule for plaintiff's motion, and there is no reason to deviate simply because Ryan will now be joined by intervenors who are urging the same relief for largely the same reasons.

## CONCLUSION

For the foregoing reasons, intervenors respectfully request that this Court grant their unopposed Motion to Intervene.

Dated: May 8, 2024

Respectfully submitted,

/s/ *Robert L. Sayles*

Robert L. Sayles (Texas Bar No. 24049857)
Boyce Holleman (Texas Bar No. 24126727)
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue
Suite 3600
Dallas, TX 75202
Tel: (214) 257-9800
Fax: (214) 939-8787
rsayles@bradley.com
bholleman@bradley.com

Jordan L. Von Bokern* (D.C. Bar No. 1032962)
Tyler S. Badgley* (D.C. Bar No. 1047899)
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, D.C. 20062
Tel: (202) 463-5337
jvonbokern@uschamber.com
tbadgley@uschamber.com

Jeffrey B. Wall* (Georgia Bar No. 750427)
Judson O. Littleton* (D.C. Bar No. 1027310)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C. 20006-5215
Tel: (202) 956-7000
wallj@sullcrom.com
littletonj@sullcrom.com

Liz Dougherty* (D.C. Bar No. 457352)
BUSINESS ROUNDTABLE
1000 Maine Avenue SW
Washington, D.C. 20024
202-872-1260
ldougherty@brt.org

* *Pro hac vice* pending

*Counsel for Intervenors Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce*

## CERTIFICATE OF WORD COUNT

This Unopposed Motion to Intervene complies with the Procedures for Cases Assigned to District Judge Ada Brown and Standing Order, Rule II(A), because it contains 2,111 words.

/s/*Robert L. Sayles*
Robert L. Sayles

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2024, I electronically transmitted the attached document to the Clerk of the Court and all counsel of record using the ECF System for filing and service in accordance with this Court's ECF Order.

/s/ *Robert L. Sayles*
Robert L. Sayles