IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>                    Defendant. | Civil Action No. 3:24-CV-00986-E<br><br>Hon. Ada Brown |

**UNOPPOSED MOTION OF THE NATIONAL ASSOCIATION OF MANUFACTURERS FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S AND INTERVENORS' MOTIONS FOR STAY AND PRELIMINARY INJUNCTION**

Pursuant to Local Rule 7.2(b), Proposed *amicus*, the National Association of Manufacturers (NAM), respectfully requests leave to file the attached brief *amicus curiae* in support of Plaintiff's and Intervenors' motions for a stay and a preliminary injunction. Counsel for proposed *amicus* has conferred with counsel for the parties, and certifies that no party opposes the filing of the proposed *amicus* brief.

**NATURE AND STAGE OF PROCEEDING**

Defendant Federal Trade Commission (FTC) promulgated a final rule that categorically prohibits non-compete agreements across all workers and all industries in the United States (the Non-Compete Rule). *See Non-Compete Clause Rule*, 89

1

Fed. Reg. 38,342 (May 7, 2024). Plaintiff Ryan, LLC challenged the rule under the Administrative Procedure Act, and has moved for an order staying the effective date of the rule and preliminarily enjoining FTC from enforcing it. Dkt. 23. Intervenors have filed a separate motion requesting similar relief. Dkt. 46.

## ISSUE AND STANDARD OF REVIEW

The issue presented is whether the NAM's unopposed request to file the attached proposed *amicus* brief should be granted. Whether a district court "permits or denies *amicus* briefing lies solely within the court's discretion." *Texas v. United States*, 2021 WL 2172837 (S.D. Tex. Mar. 5, 2021) (quotation marks omitted); *see also id.* ("[D]istrict courts commonly refer to [Fed. R. App. P.] 29 for guidance.") (quotation marks omitted)

Under Rule 29, courts should grant leave to file when the potential *amicus* establishes "(a) an adequate interest, (b) desirability, and (c) relevance." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.). The Fifth Circuit has indicated that "unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted," courts are "well advised to grant motions for leave to file *amicus* briefs." *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (quoting *Neonatology Assocs.*, 293 F.3d at 133).

2

## INTEREST OF *AMICUS CURIAE*

The NAM is the largest manufacturing association in the United States, representing small and large manufacturers in all 50 states and in every industrial sector. Manufacturing employs nearly 13 million men and women, contributes $2.85 trillion to the economy annually, has the largest economic impact of any major sector, and accounts for over half of all private-sector research and development in the nation, fostering the innovation that is vital for this economic ecosystem to thrive.

Manufacturing's massive investment in research and development (R&D)—to the tune $361.2 billion in 2022 (*see* NAM, *Facts About Manufacturing*, perma.cc/2PE9-8DVU)—is only possible because of intellectual property protections that assure manufacturers they can earn a return on their efforts at innovation. Among these essential intellectual property protections are protections for trade secrets and other proprietary and confidential information. *See* NAM, *NAM Policy Positions* (Sept., 21, 2022), perma.cc/C5TG-KBV4.

Non-compete agreements are a key instrument that manufacturers have long used to protect their trade secrets and confidential business information. According to a recent NAM survey, close to 87% of respondents use contractual tools such as non-compete, non-disclosure, or non-solicitation agreements, with around 70% stating that they use non-compete agreements. *See* NAM Comment, Dkt. FTC-2023-

3

0007-20939, at 2. Manufacturers enter non-compete agreements selectively, targeting the tool to cover employees with highly specialized skillsets and/or knowledge of confidential, proprietary or strategically important technical and business information, such as senior managers, engineers, and sales personnel. Manufacturers typically craft their non-compete agreements on an individualized, case-by-case basis, shaped by an employee's role within the company and his or her unique knowledge, expertise or training.

FTC's sweeping ban on non-compete agreements threatens to hamstring innovation in the manufacturing sector and damage the competitiveness of American industry. Faced with impaired incentives to invest in innovation, manufacturers and other businesses will retrench their R&D efforts. And without effective legal protections for their trade secrets and other proprietary information, manufacturers will dramatically shift toward suboptimal and inefficient operational practices and procedures, including "self-help" measures to guard against misappropriation by departing employees.

As the voice of the manufacturing sector, the NAM has a strong interest in forestalling the serious harms to the innovation and competitiveness of American industry threatened by the Non-Compete Rule.

## ARGUMENT

**A.     The NAM has an adequate interest in this case.**

*Amici* may satisfy the "adequate interest" criterion by showing that they have "pecuniary, as well as policy, interests" in the issues presented in, and the outcome of, the litigation. *See Neonatology Assocs.*, 293 F.3d at 132. It is indisputable that the NAM has a policy interest—and its members have a pecuniary interest—in the lawfulness of FTC's sweeping ban on non-compete agreements. As explained above, manufacturers have long depended on the targeted use of non-compete agreements with selected employees to protect their trade secrets and other proprietary information. FTC's Non-Compete Rule upends this essential framework for preserving manufacturers' intellectual property, thereby threatening to undermine a foundation of innovation and business competitiveness within American industry.

The NAM has taken a consistent and strong policy position on the importance of trade secrecy to its members, and those members have an obvious business interest in safeguarding their proprietary information. Accordingly, the NAM has an "adequate interest"—both policy and pecuniary in form—in this litigation.

**B.     *Amicus* briefing by the NAM is desirable.**

Then-judge Alito stressed that it is "prudent" to give the "desirability" criterion "a broad reading." *Neonatology Assocs.*, 293 F.3d at 132; *see also id.* at 133 ("[I]t is preferable to err on the side of granting leave.")

One particular way in which amicus briefing could be desirable is if it helps to "explain the impact a potential holding might have on an industry or other group." *Neonatology Assocs.*, 293 F.3d at 132 (quoting Luther T. Munford, *When Does the Curiae Need An Amicus?*, 1 J. App. Prac. & Process 279 (1999)). As described above, that is precisely what the NAM's brief does. This industry-specific perspective makes the proposed brief's "desirable," especially given the broad reading that should be given to that criterion.

### C.  The NAM's proposed *amicus* brief is relevant.

A brief is "relevant" when it "alerts the [court] to possible implications of the appeal" and does not seek to "inject new issues into the case." *Neonatology Assocs.*, 293 F.3d at 133. The central themes of the proposed *amicus* brief—the enormous impact of FTC's Non-Compete Rule on the protection of proprietary business information, and the insufficiency of alternative methods of protection—are highly relevant to the key issues in the case, including whether, under the "major questions doctrine," Congress has delegated authority to FTC to promulgate rules to comprehensively regulate non-compete agreements, and whether FTC has engaged in reasoned decision-making and adequately explained its policy.

In sum, the NAM's proposed *amicus* brief meets Rule 29's three criteria of adequate interest, desirability, and relevance. *See also Lefebure*, 15 F.4th at 676 (courts "would be well advised to grant motions for leave to file amicus briefs unless

it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted.") (quotation marks omitted).

## CONCLUSION

The Court should grant leave for the NAM to file the attached *amicus* brief.

Dated: May 14, 2024

Erica T. Klenicki
Michael A. Tilghman II
NAM LEGAL CENTER
733 10th Street NW, Suite 700
Washington, DC 20001
(202) 637-3000

Respectfully submitted,

*/s/ Richard D. Salgado*
Richard D. Salgado (Bar No. 24060548)
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
(214) 295-8000
richard.salgado@mwe.com

Paul W. Hughes (pro hac vice to be filed)
Andrew A. Lyons-Berg (pro hac vice to be filed)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20006
(202) 756-8000
phughes@mwe.com

7

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume requirements of Judge Brown's Motion Practice procedures II.A because it contains 1,203 words; and

2. This document complies with the typeface requirements of Judge Brown's Motion Practice procedures II.A because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.


Dated: May 14, 2024            */s/ Richard D. Salgado*
                               Richard D. Salgado
                               MCDERMOTT WILL & EMERY LLP
                               2501 North Harwood Street Suite 1900
                               Dallas, TX 75201-1664
                               Telephone: (214) 210-2797
                               Email: richard.salgado@mwe.com

## CERTIFICATE OF SERVICE

I hereby certify that, on May 14, 2023, I caused the foregoing document to be filed with the Clerk for the U.S. District Court for the Northern District of Texas through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

Dated: May 14, 2024

*/s/ Richard D. Salgado*
Richard D. Salgado
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street Suite 1900
Dallas, TX 75201-1664
Telephone: (214) 210-2797
Email: richard.salgado@mwe.com