UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>　　　　Defendant. | No. 3:24-cv-00986-E |

**UNOPPOSED MOTION OF THE SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION, THE FUTURES INDUSTRY ASSOCIATION, THE MANAGED FUNDS ASSOCIATION, AND THE AMERICAN INVESTMENT COUNCIL FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFF'S AND INTERVENORS' MOTIONS FOR A PRELIMINARY INJUNCTION**

The Securities Industry and Financial Markets Association (SIFMA), the Futures Industry Association (FIA), the Managed Funds Association (MFA), and the American Investment Council (AIC) respectfully seek leave to file the accompanying brief as *amici curiae* in support of Plaintiff Ryan LLC and Plaintiffs-Intervenors U.S. Chamber of Commerce, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce. This motion is unopposed.

1.    *Amici* are leading trade associations in the financial-services industry.

a.    SIFMA is the leading trade association for broker-dealers, investment banks, and asset managers operating in the U.S. and global capital markets. SIFMA serves as an industry coordinating body to promote fair and orderly markets, informed regulatory compliance, and efficient market operations and resiliency. On behalf of the securities industry's one million workers, SIFMA advocates on legislation and regulation affecting the industry.

b.    FIA is the leading global trade organization for the futures, options, and centrally cleared derivatives markets, with offices in Brussels, London, Singapore, and Washington, D.C. FIA's membership includes clearing firms, exchanges, clearinghouses, and commodities specialists from more than 48 countries as well as technology vendors, lawyers, and other professionals serving the industry. FIA's membership also includes the FIA Principal Traders Group (FIA PTG), an affiliate group of FIA members that trade their own proprietary capital in a principal capacity on exchanges in equities, options, and futures markets worldwide.

c.    MFA, based in Washington, DC, New York, Brussels, and London, represents the global alternative asset management industry.

MFA's mission is to advance the ability of alternative asset managers to raise capital, invest, and generate returns for their beneficiaries. MFA advocates on behalf of its membership and convenes stakeholders to address global regulatory, operational, and business issues. MFA has more than 180 member fund managers, including traditional hedge funds, credit funds, and crossover funds, that collectively manage over $3.2 trillion across a diverse group of investment strategies. Member firms help pension plans, university endowments, charitable foundations, and other institutional investors to diversify their investments, manage risk, and generate attractive returns over time.

      d.     AIC is the leading trade association for the private investment industry. Its members include the world's leading private equity and growth capital firms. AIC is committed to advancing access to capital, job creation, retirement security, innovation, and economic growth in the United States by promoting responsible long-term investment. AIC advocates for sound public policies in matters affecting the private investment industry.

      2.     Plaintiff and Intervenors challenge the FTC's Non-Compete Clause Rule (the Rule), which seeks to impose a near-total ban on noncompete agreements nationwide. *Amici*'s members have substantial

3

interest in regulations that affect employment in the financial-services industry. That includes the validity of noncompete agreements, which many of *amici*'s members have in place with current and former employees. Those agreements are critical to protecting the members' investments in their employees and safeguarding the members' confidential information. Notably, each *amicus* filed a comment during the rulemaking process for the noncompete rule, urging the FTC not to promulgate the proposed rule. *See* SIFMA, *Comment on Proposed Non-Compete Clause Rule* (Apr. 19, 2023), bit.ly/4akss6Q; FIA, *Comment on Proposed Non-Compete Clause Rule* (Apr. 19, 2023), bit.ly/3WFMVzM; FIA PTG, *Comment on Proposed Non-Compete Clause Rule* (Apr. 19, 2023), bit.ly/4bDr93X; MFA, *Comment on Proposed Non-Compete Rule* (Apr. 19, 2023), bit.ly/3WBBb1n; AIC, *Comment on Proposed Non-Compete Rule* (Apr. 19, 2023), bit.ly/3UX0J7M.

3.   If it goes into effect, the FTC's noncompete rule would ban most noncompete agreements in the financial-services industry going forward and invalidate many existing agreements. That would harm competition in the industry; harm employees by reducing their opportunities, compensation, and training; and endanger many companies' confidential information. *Amici* file this brief to provide the Court with their unique

perspective on how the Rule would affect the industry and on the shortcomings of the Rule from the industry's perspective.

4. Counsel for Plaintiff, Plaintiffs-Intervenors, and the FTC consent to the filing of this *amicus* brief.

## CONCLUSION

The Court should grant *amici* leave to file the attached *amicus* brief.

Respectfully submitted,

**MAYER BROWN LLP**

By: /s/ *Nicole A. Saharsky*
Nicole A. Saharsky (*pro hac vice* pending)
Gail F. Levine (*pro hac vice* pending)
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3135
nsaharsky@mayerbrown.com

*Counsel for* Amici Curiae *the Securities Industry and Financial Markets Association, the Futures Industry Association, the Managed Funds Association, and the American Investment Council*

Dated: May 15, 2024

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 13, 2024, my office conferred with counsel for Plaintiff, counsel for Plaintiffs-Intervenors, and counsel for the FTC for their position on this motion. Counsel for Plaintiff, Plaintiffs-Intervenors, and the FTC consent to the relief requested in the motion.

By: /s/ *Nicole A. Saharsky*
Nicole A. Saharsky

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, I electronically filed this document using the ECF System, which will send notification to the ECF counsel of record.

By: /s/ *Nicole A. Saharsky*
Nicole A. Saharsky