UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RYAN, LLC<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>Defendant. | NO. 3:24-CV-00986-E |

**UNOPPOSED MOTION OF THE PARTNERSHIP FOR NEW YORK CITY FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFF'S AND PLAINTIFFS-INTERVENORS' MOTIONS FOR A PRELIMINARY INJUCTION**

The Partnership for New York City (amicus) respectfully seeks leave to file the accompanying brief as amicus curiae in support of Plaintiff Ryan, LLC, and Plaintiffs-Intervenors U.S. Chamber of Commerce, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce. This motion is unopposed.

1. Amicus is a nonprofit membership organization representing New York City's business leadership and its largest private sector employers. Amicus' membership comprises a wide variety of industries, including accounting, advertising, arts and entertainment, consulting, hospitality and retail, education, energy, engineering, financial services, health care, insurance, law, manufacturing, media, real estate, technology,

#98429646v1

telecommunications, and transportation. Amicus' members employ nearly a half million workers in New York City and support over one million jobs citywide.  Amicus' members also account for 20% ($236 billion) of the gross city product of New York City. New York City's economic output exceeded $1 trillion in 2022, accounting for 5% of United States gross domestic product. New York City is the second-largest metro-area economy in the world, trailing only Tokyo, Japan. New York City accounts for 57% of New York State's economic output and 48% of statewide employment.

Of particular note, New York City is also the capital of the nation's securities industry and accounts for 18% of all United States securities jobs. The securities industry accounts for 14% of the city's economic activity, 7% of city tax collections, and 27% of New York State's tax collections. The securities industry directly or indirectly supports one in 11 jobs in New York City.

Amicus' mission is to engage the business community in efforts to strengthen the economy of New York City and maintain the city's position as a center of commerce, finance, culture, and innovation. In advancing these goals, amicus conducts research and policy advocacy at the city, state, and federal levels.

#98429646v1

2. Plaintiff and Plaintiffs-Intervenors challenge the Federal Trade Commission's ("FTC") Non-Compete Clause Rule, 16 C.F.R. Part 910 and 912 (May 7, 2024) (the "Rule") which seeks to impose a near-total ban on noncompete agreements nationwide. Amicus has a strong interest in the outcome of the litigation because its members would qualify as "employers" under the Final Rule, which would invalidate most noncompete agreements. Many New York employers rely upon noncompete agreements with their senior employees to protect their intellectual property, proprietary information, and client relationships. Without these agreements, employers will be discouraged from disclosing confidential information to key employees and investing in their training and will need to rely upon litigation to protect their confidential information.

3. If the Rule were to go into effect, it would ban noncompete agreements in the financial services industry and technology industry going forward and invalidate many existing agreements. That would harm competition in the industries; harm employees by reducing their opportunities, compensation, and training; and endanger many companies' confidential information. This would adversely impact the economy of New York City, and New York State as a whole. Amicus files this brief to provide the Court with this unique perspective.

4. Counsel for Plaintiff, Plaintiffs-Intervenors, and the FTC consent to the filing of this amicus brief.

## CONCLUSION

The Court should grant amicus leave to proceed without local counsel.

Respectfully submitted,

/s/ Christopher Lynch

Christopher Lynch
(*pro hac vice* pending)

Arthur J. Burke
(*pro hac vice* pending)

Neal Mehrotra
(*pro hac vice* pending)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
arthur.burke@davispolk.com
christopher.lynch@davispolk.com
neal.mehrotra@davispolk.com

Counsel for Amicus Curiae

Dated: May 24, 2024

CERTIFICATE OF CONFERENCE

    I hereby certify that on May 15, 2024, my office conferred with counsel for Plaintiff, counsel for Plaintiffs-Intervenors, and counsel for the FTC for their position on this motion. Counsel for Plaintiff, Plaintiffs-Intervenors, and the FTC consent to the relief requested in the motion.

    */s/ Christopher Lynch*

    Christopher Lynch
    (*pro hac vice* pending)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, NY 10017
    (212) 450-4000
    christopher.lynch@davispolk.com

CERTIFICATE OF SERVICE

    I hereby certify that on May 24, 2024, I electronically filed this document using the ECF System, which will send notification to the ECF counsel of record.

    */s/ Christopher Lynch*

    Christopher Lynch
    (*pro hac vice* pending)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, NY 10017
    (212) 450-4000
    christopher.lynch@davispolk.com