UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC, <br><br> Plaintiff, <br><br> CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> FEDERAL TRADE COMMISSION, <br><br> Defendant. | CASE NO.: 3:24-CV-986-E |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTIONS FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION**

Defendant Federal Trade Commission ("the Commission") hereby responds opposing Plaintiff Ryan, LLC ("Ryan") and Plaintiff-Intervenors Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce's (collectively, "Association Plaintiffs;" collectively with Ryan, "Plaintiffs") motions for stay of effective date and preliminary injunction, ECF Nos. 23,46, under Federal Rule of Civil Procedure 65 and Section 705 of the Administrative Procedure Act. Plaintiffs seek to prevent the Commission's rule that finds non-compete clauses to be an unfair method of

1

competition under Section 5 of the Federal Trade Commission Act and restricts most uses of non-competes after the rule's effective date of September 4, 2024. Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024) ("Rule").

Plaintiffs are unlikely to succeed on the merits of their claims. Congress authorized the Commission in clear language in the Federal Trade Commission Act ("FTC Act") to prevent unfair methods of competition through both adjudication and rulemaking, and the Commission's choice of rulemaking to address the aggregate anti-competitive effects of non-competes is consistent with the statutory scheme. The major questions doctrine is also irrelevant here, as the Rule falls squarely within the Commission's expertise and delegated authority. And Plaintiffs have not offered a persuasive reason that the Commission cannot regulate "unfair methods of competition" generally and instead must apply a specific Sherman Act framework on a case-by-case basis, particularly given that Congress designed the FTC Act to bolster the Sherman Act. The FTC Act also provides an intelligible principle by which the Rule can be measured, and the Rule is not unlawfully retroactive since it has only prospective effects. The Commission also easily satisfies the deferential arbitrary-and-capricious standard given its exhaustive study of non-competes and thorough economic justifications for the Rule.

For these reasons, and those explained further in the brief, Plaintiffs' motions for emergency relief should be denied.

2

Dated: May 29, 2024	Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY R. FARBY
Assistant Branch Director

*/s/ Rachael L. Westmoreland*
RACHAEL L. WESTMORELAND
(GA Bar No. 539498)
TAISA M. GOODNATURE
MADELINE M. MCMAHON
ARJUN MODY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-1280
E-mail: rachael.westmoreland@usdoj.gov

3

## CERTIFICATE OF WORD COUNT

This document complies with the Court's word count requirement because it contains 311 words.


Dated: May 29, 2024                     /s/ Rachael L. Westmoreland
                                        RACHAEL L. WESTMORELAND (GA Bar
                                        No. 539498)
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, NW
                                        Washington, D.C. 20005
                                        Tel: (202) 514-1280
                                        E-mail: rachael.westmoreland@usdoj.gov

## CERTIFICATE OF SERVICE

On May 29, 2024, I electronically filed the above response with the clerk of court for the U.S. District Court, Northern District of Texas. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


*/s/ Rachael L. Westmoreland*

Rachael L. Westmoreland