UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RYAN, LLC,

       Plaintiff,

CHAMBER OF COMMERCE OF
THE UNITED STATES OF
AMERICA, et al.,

       Plaintiff-Intervenors,

       v.

FEDERAL TRADE COMMISSION,

       Defendant.

No. 3:24-cv-00986-E

**CONSENT MOTION OF PUBLIC CITIZEN AND
NATIONAL EMPLOYMENT LAW PROJECT
FOR LEAVE TO FILE A BRIEF AS AMICI CURIAE IN SUPPORT OF
DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTIONS FOR STAY OF
EFFECTIVE DATE AND PRELIMINARY INJUNCTION**

Public Citizen and National Employment Law Project (NELP) respectfully

move for leave to file the accompanying brief as amici curiae in support of the

response by defendant Federal Trade Commission (FTC) opposing the motions for

stay of effective date and preliminary injunction filed by Plaintiff Ryan LLC and

Plaintiff-Intervenors Chamber of Commerce of the United States of America,

Business Roundtable, Texas Association of Business, and Longview Chamber of

1

Commerce (collectively, Plaintiffs). All parties have consented to the filing of the amicus brief.

**1.**   The Non-Compete Clause Rule determines that noncompete clauses in employment contracts are unfair methods of competition and restricts most uses of noncompetes after the Rule's effective date, September 4, 2024. Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024). Challenging the Rule on several grounds, Plaintiffs have moved to stay the Rule's effective date and preliminarily enjoin the enforcement of the Rule. *See* ECF Nos. 23 & 46.

Movants Public Citizen and NELP have relevant expertise and a strong interest in the Rule. Movant Public Citizen is a nonprofit consumer advocacy organization with members in all 50 states. Among other things, Public Citizen works for enactment and enforcement of laws to protect workers, consumers, and the public, including federal agency efforts to administer and enforce worker protections. Public Citizen frequently appears as amicus curiae to address issues of statutory interpretation and administrative law. In response to the FTC's notice of proposed rulemaking and request for comment, Public Citizen submitted a comment in support of the proposed rule.

Movant NELP is a nonprofit organization with over 50 years of experience advocating for the employment and labor rights of low-wage and unemployed workers. In collaboration with community partners, including grassroots groups,

national organizations, worker centers and unions, and local, state, and federal agencies, NELP seeks to ensure that all employees—especially the most vulnerable—can take advantage of the basic workplace protections guaranteed in our nation's labor and employment laws. In response to the FTC's notice of proposed rulemaking and request for comment, NELP submitted a comment in support of the proposed rule.

**B.** Granting leave to file an amicus brief "is solely within the broad discretion of the district court." *Edwards v. Oliver*, 2021 WL 11717751, at *1 (N.D. Tex. Mar. 4, 2021); *see United States ex rel. Long v. GSD & M Idea City LLC*, 2014 WL 11321670, at *4 (N.D. Tex. Aug. 8, 2014) ("[T]he Court has discretion to consider 'amicus' briefing where 'the proffered information is timely and useful or otherwise necessary to the administration of justice.'" (citation omitted)).

Movants respectfully submit that the information and arguments set out in the proposed amicus brief are desirable and will be useful to this Court in resolving the pending motions for stay and preliminary injunction. The proposed brief explains that Plaintiffs' pending motions should be denied because the merits of their challenges to the Rule are not likely to succeed. First, the Rule has a strong basis in the record. The proposed brief explains that the Rule's prohibition of noncompete provisions will significantly benefit workers. The brief discusses the numerous studies in the rulemaking record showing that noncompetes lower wages and reduce

job mobility. The proposed brief also explains that, as the record shows, these provisions are often imposed by employers on workers without meaningful consent. For low-wage workers, who often lack bargaining power and access to legal resources, the consequences of a noncompete provision can impose particular hardship.

Second, the proposed brief explains that Plaintiff-Intervenors' contention that the Rule is impermissibly retroactive is incorrect. The Rule does not impose legal consequences for conduct predating the Rule's effective date. That the Rule may upset expectations about the enforceability of pre-existing noncompete provisions does not make the Rule retroactive.

The proposed amicus brief is attached to this motion.

## CONCLUSION

The motion for leave to file an amicus curiae brief should be granted.

May 30, 2024                          Respectfully submitted,

                                     /s/ John E. Wall, Jr.
                                     John E. Wall, Jr. (Texas Bar No. 20756750)
                                     Law Office of John E. Wall, Jr.
                                     5728 Prospect Avenue, Suite 1003
                                     Dallas, TX 75206
                                     (214) 887-0100
                                     jwall@jwall-law.com

                                     Wendy Liu (*pro hac vice* motion pending)
                                     Public Citizen Litigation Group
                                     1600 20th Street NW
                                     Washington, DC 20009
                                     (202) 588-1000
                                     wliu@citizen.org

                                     *Attorneys for Movants*
                                     *Public Citizen and National Employment*
                                     *Law Project*

## CERTIFICATE OF WORD COUNT

I hereby certify that pursuant to the Court's Procedures and Standing Order, this Motion contains 645 words, excluding the case caption, signature block, and certificates, but including any footnotes, as calculated by my word processing software (Microsoft Word for Office 365).

/s/ John E. Wall, Jr.
John E. Wall, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2024, I electronically filed this document using the ECF System, which will send notification to the ECF counsel of record.

/s/ John E. Wall, Jr.
John E. Wall, Jr.