UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Ryan, LLC<br>*Plaintiff* | § § § § | |
| v. | § | Case No. 3:24-cv-00986-E |
| | § § | |
| Federal Trade Commission<br>*Defendant* | § § § | |

**APPLICATION FOR ADMISSION *PRO HAC VICE***
(Complete all questions; indicate "N/A" if necessary.)

**I.** Applicant is an attorney and a member of the law firm of (or practices under the name of)

Juelsgaard Intellectual Property and Innovation Clinic, Stanford Law School, , with offices at

559 Nathan Abbott Way
(Street Address)

Stanford     CA     94305
(City)     (State)     (Zip Code)

650-725-6369     650-723-4426
(Telephone No.)     (Fax No.)

**II.** Applicant will sign all filings with the name    Phillip R. Malone   .

**III.** Applicant has been retained personally or as a member of the above-named firm by:
(List All Parties Represented)

Amici Curiae Law Professors

to provide legal representation in connection with the above-styled matter now pending before the United States District Court for the Northern District of Texas.

IV. Applicant is a member in good standing of the bar of the highest court of the state of _____California_____, where Applicant regularly practices law.

Bar license number: 163969    Admission date: April 8, 1993

<div style="float:right">For Court Use Only.<br>Bar Status Verified:<br>_____</div>

**Attach to this application an original certificate of good standing issued within the past 90 days from the attorney licensing authority in a state in which you are admitted to practice (e.g., State Bar of Texas).**

V. Applicant has also been admitted to practice before the following courts:

| Court: | Admission Date: | Active or Inactive: |
|---|---|---|
| State of Massachusetts | 2013 | Active |
| State of Arizona | 1984 | Inactive |
| SEE ATTACHED SHEET | FOR ADDITIONAL ADMISSIONS | |

VI. Applicant has never involuntarily lost, temporarily or permanently, the right to practice before any court or tribunal, or resigned in lieu of discipline, except as provided below:

SEE ATTACHED EXPLANATION

VII. Applicant has never been subject to grievance proceedings or involuntary removal proceedings—regardless of outcome—while a member of the bar of any state or federal court or tribunal that requires admission to practice, except as provided below:

SEE ATTACHED EXPLANATION

VIII. Applicant has not been charged, arrested, or convicted of a criminal offense or offenses, except as provided below (omit minor traffic offenses):

N/A

**IX.** Applicant has filed for *pro hac vice* admission in the United States District Court for the Northern District of Texas during the past three (3) years in the following matters:

Date of Application:    Case No. And Style:

N/A    N/A

_____    _____

_____    _____

(If necessary, attach statement of additional applications.)

**X.** Local counsel of record associated with Applicant in this matter is

 Motion for leave to proceed without local counsel filed pursuant to Local Rule 83.10 , who has offices at

N/A
(Street Address)

N/A                                              N/A              N/A
(City)                                            (State)          (Zip Code)

N/A                                              N/A
(Telephone No.)                                  (Facsimile No.)

**XI.** Check the appropriate box below.

For Application in a **Civil Case**

[✓] Applicant has read *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D.284 (N.D. Tex. 1988) (en banc), and the local civil rules of this court and will comply with the standards of practice adopted in *Dondi* and with the local civil rules.

For Application in a **Criminal Case**

[ ] Applicant has read and will comply with the local criminal rules of this court.

**XII.** Applicant respectfully requests to be admitted to practice in the United States District Court for the Northern District of Texas for this cause only. Applicant certifies that a true and correct copy of this document has been served upon each attorney of record and the original upon the clerk of court, accompanied by a $100 filing fee, on this the   30th   day of  May                        ,  2024  .

 Phillip R. Malone 
Printed Name of Applicant

 /s/ Phillip R. Malone 
Signature

If the applicant files this document through the applicant's electronic-filing account, the applicant's typed name on the signature block constitutes the applicant's signature. If the applicant does not file this document through the applicant's electronic-filing account, the applicant must sign on the signature line.

# THE STATE BAR OF CALIFORNIA
# CERTIFICATE OF STANDING

March 4, 2024

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, PHILLIP ROBERT MALONE, #163969 was admitted to the practice of law in this state by the Supreme Court of California on April 8, 1993 and has been since that date, and is at date hereof, an ACTIVE licensee of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Vicky Avila
Custodian of Records

**Attachment**
**Phillip R. Malone Northern District of Texas Pro Hac Vice Application**
**Additional Bar Admissions**

- United States Court of Appeals for the Second Circuit -- 2015

- United States Court of Appeals for the Third Circuit -- 2015

- United States Court of Appeals for the Fourth Circuit -- 2004

- United States Court of Appeals for the Ninth Circuit – 2004

- United States Court of Appeals for the Tenth Circuit -- 2021

- United States Court of Appeals for the Eleventh Circuit -- 2016

- United States Court of Appeals for the DC Circuit -- 2015

- United States Court of Appeals for the Federal Circuit -- 2018

- United States District Court for the District of Columbia – 2019

- United States District Court for the Northern District of California – 2016

- United States District Court for the Central District of California -- 2016

- United States District Court for the Eastern District of California – 2020

- United States District Court for the Middle District of Tennessee -- 2023

# Attachment
# Phillip R. Malone Northern District of Texas Pro Hac Vice Application
# Explanation for Questions # VI and VII

*Summary*: In 2005 I was administratively suspended from my inactive membership in the Arizona Bar for my inadvertent failure to pay dues. There was no suggestion of misconduct or ethical or disciplinary issues, just overlooking the payment of dues. I was reinstated in May 2007 immediately upon payment of the past dues.

*Detailed Facts and Circumstances*: In July, 2004 I left my employment with the U.S. DOJ's Antitrust Division in San Francisco and moved to Cambridge, MA to become a Fellow/Lecturer at Harvard Law School. My mailing address for my California Bar and Arizona memberships had been my work address at my DOJ office in San Francisco. Upon moving, I changed my address with the CA bar but forgot to change it with the AZ Bar.

In late 2004 and early 2005, the AZ Bar mailed my annual dues statements for 2005 (for inactive status) to my old address in San Francisco. Due to oversights at my old office, those notices were never forwarded to me in Cambridge. On April 29, 2005, the Arizona Bar mailed to my old San Francisco office address a letter stating that if I did not pay my overdue annual dues my name would be presented to the Board of Governors of the State Bar on May 20, 2005 for summary suspension pursuant to Rule 62 of the Ariz.R.S.Ct. This letter was not forwarded to me until much later (see below), and, until I received it, I had no notice or indication that I was facing suspension. Soon after the April 29 letter the Board of Governors entered a summary administrative suspension for the non-payment of dues.

Some months after May 2005, my former office finally forwarded me the April 29, 2005 letter from the AZ Bar, along with other collected mail, but by that time the summary suspension had been ordered. I checked with the State Bar by telephone and learned the details of what had happened. I was referred to Rule 64(f) of the Ariz.R.S.Ct., which provides for reinstatement after summary suspension within two years through payment of the necessary fees, assessments, and administrative costs. On May 7, 2007, after several conversations with staff of the AZ Bar, I submitted my application for reinstatement and necessary fees. On July 23, 2007, the AZ Bar notified me that I had been reinstated effective May 11, 2007 based on my payment of the overdue dues and fees. I have remained an inactive member in good standing of the AZ Bar since that time.

This summary administrative suspension was based entirely on my inadvertent failure to pay annual dues and did not involve any suggestion of misconduct or ethical or disciplinary issues. The reinstatement was immediate and routine once I paid my overdue dues and fees. Apart from this period, I was an Active member of the AZ Bar from 1984 until 1994 and then an Inactive member (after becoming Active in California) from 1994 to the present. I have been an Active member in good standing in California continuously since 1993 and in Massachusetts continuously since 2013.