# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RYAN LLC,<br><br>    Plaintiff,<br><br>CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.,*<br><br>    Plaintiff-Intervenors,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>    Defendant. | CASE NO.: 3:24-CV-986-E<br><br>Hon. Ada Brown |

### UNOPPOSED MOTION OF THE TEXAS AFL-CIO FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTIONS FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION

Pursuant to Local Rule 7.2(b), the Texas American Federation of Labor and Congress of Industrial Organizations ("Texas AFL-CIO") respectfully requests leave to file the attached brief as *amicus curiae* in support of Defendant's Response to Plaintiffs' motions for a stay and a preliminary injunction. Counsel for proposed *amicus* has conferred with counsel for the parties and certifies that no party opposes the filing of the proposed *amicus* brief.

1

# ARGUMENT

Whether to grant a motion for leave to file an amicus brief is discretionary, but courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (*quoting Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002)); *see also* Fed. R. App. P. 29.

The Texas AFL-CIO is a state labor federation consisting of more than 240,000 affiliated union members who stand together in support of working families in Texas. The Texas AFL-CIO, our members, and the workers from across Texas that we represent have a strong interest in speedy implementation of the Non-Compete Clause Rule promulgated by the Federal Trade Commission ("FTC") on May 7, 2024 ( "Final Rule").[1] As the Court considers Plaintiffs' requests to delay implementation of the Final Rule, the Texas AFL-CIO can help to ensure that the Court has the fullest understanding of the impact such a delay would have on working people in Texas.

Our perspective is relevant to the legal questions raised by the Plaintiffs under the Administrative Procedure Act. The brief will counter the suggestion that the FTC's review and consideration of empirical research and over 26,000 public comments was arbitrary or capricious.[2] It will also share individual

---

[1] Non-Compete Clause Rule, 89 Fed. Reg. 38342, 38343 (May 7, 2024) (to be codified at 16 C.F.R. pts. 910, 12).
[2] *Id.*

2

experiences, including many from the administrative record, that demonstrate the ongoing harm that working people in Texas and across the country are suffering under the current patchwork of state non-compete regulations, and the immediate and substantial harm they will suffer if implementation of the Final Rule is delayed.

We are also uniquely positioned to underline for the Court the ways in which non-compete agreements interfere with the day-to-day work of our members and other individuals across Texas. Non-competes, whether or not they are enforceable under Texas law, limit the economic freedom of working people and leave far too many at the mercy of low wages and poor working conditions. Delayed implementation of the Final Rule would allow non-competes to continue to impose these deleterious effects.

Counsel for all parties consent to the filing of this *amicus* brief.

## **CONCLUSION**

The Court should grant the Texas AFL-CIO leave to file the attached amicus brief.

Dated: May 31, 2024                    Respectfully submitted,

**TREMAIN ARTAZA PLLC**

By:  /s/ *Ashley E. Tremain*
Ashley E. Tremain
Texas Bar No. 24066209

4925 Greenville Ave, Ste. 200
Dallas, TX 75206
(469) 573-0229
ashley@tremainartaza.com

*~and~*

**TOWARDS JUSTICE**

By:  /s/ *David H. Seligman*
David H. Seligman
Nina DiSalvo
Rachel W. Dempsey
*pro hac vice* forthcoming

P.O. Box 371689, PMB 44465
Denver, CO 80237-5680
(720) 441-2236
david@towardsjustice.org
nina@towardsjustice.org
rachel@towardsjustice.org

***Attorneys for Amicus Curiae***

## CERTIFICATE OF COMPLIANCE

This document complies with Judge Brown's Motion Practice procedures II.A because it contains 472 words and has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font, except for the footnotes, which are in Microsoft Word 11-point Times New Roman font.

Dated: May 31, 2024

/s/ *Ashley E. Tremain*
Ashley E. Tremain
Tremain Artaza PLLC
4925 Greenville Ave, Ste. 200
Dallas, TX 75206
(469) 573-0229
ashley@tremainartaza.com

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 29 and May 30, 2024, my office conferred with counsel for Plaintiff, counsel for Plaintiffs-Intervenors, and counsel for the FTC for their position on this motion. Counsel for Plaintiff, Plaintiffs-Intervenors, and the FTC consent to the relief requested in the motion.

/s/ *David H. Seligman*
David H. Seligman
(*pro hac vice* forthcoming)
Towards Justice
P.O. Box 371689, PMB 44465
Denver, CO 80237-5680
(720) 441-2236
david@towardsjustice.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing document was electronically filed in this matter with the Clerk of Court, using the ECF system, which sent notification of such filing to all counsel of record.

| | |
|---|---|
| Dated: May 31, 2024 | /s/ *Ashley E. Tremain*<br>Ashley E. Tremain<br>Tremain Artaza PLLC<br>4925 Greenville Ave, Ste. 200<br>Dallas, TX 75206<br>(469) 573-0229<br>ashley@tremainartaza.com |