UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC,<br><br>*Plaintiff,*<br><br>CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiff-Intervenors,*<br><br>v.<br><br>FREDERAL TRADE COMMISSION,<br><br>*Defendant* | NO. 3:24-CV-986-E |

## UNOPPOSED MOTION OF PROFESSORS TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF DEFENDANT THE FEDERAL TRADE COMMISSION'S OPPOSITION TO PLAINTIFF'S AND INTERVENORS' MOTIONS FOR A PRELIMINARY INJUNCTION

*Amici curiae* professors of law, business, and economics respectfully move for leave to file the attached brief in support of the Federal Trade Commission ("the Commission") and its Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024) (the Rule) pursuant to Local Rule 7.2(b).

1.      *Amici* are professors who teach and write about economics, intellectual property, antitrust, consumer law, employment, and labor law, among other subjects.[1] They are Professor Rachel Arnow-Richman, University of Florida Levin College of Law; Professor Jonathan D. Glater, UC Berkeley School of Law; Professor Jonathan F. Harris, LMU Loyola Law School Los Angeles; Professor Dalié Jiménez, University of California, Irvine School of Law; Professor Mark A. Lemley, Stanford Law School; Professor Orly Lobel, University of San Diego School of Law; Professor Olav Sorenson, UCLA Anderson; and Professor Marshall Steinbaum, University of Utah.[2]

2.      *Amici* are among the scholars who have studied and written most extensively about non-compete agreements and their harmful effects on innovation, entrepreneurship, competition, and employee mobility and wages.[3]  Several of the

---

[1] Amici make the following disclosure similar to the one required for appellate amicus briefs by Federal Rule of Appellate Procedure 29(a)(4)(E): No counsel for a party authored the proposed *amici* brief in whole or in part, and no party or counsel for a party made a monetary contribution intended to fund its preparation or submission. No person other than the *amici* or their counsel made a monetary contribution to the preparation or submission of this brief.

[2] Affiliation is provided for identification purposes only; all signatories are participating in their individual capacity and not on behalf of their institutions.

[3] A sampling of amici's writings include: Rachel Arnow-Richman, *Battling the Form: A Front-End Approach to Default-Use Noncompetes*, 34 Fla. J. L Pub Pol'y. (forthcoming 2024); Jonathan F. Harris, *Unconscionability in Contracting for Worker Training*, 72 Ala. L. Rev. 723 (2021); Jonathan F. Harris, *Consumer Law as Work Law*, 112 Calif. L. Rev. 1  2024); Mark Lemley and Orly Lobel, *Supporting Talent Mobility and Enhancing Human Capital: Banning Noncompete Agreements to Create Competitive Job Markets* (Day One Project 2021) [hereinafter Lemley & Lobel, Day One Project]; Mark Lemley & Orly Lobel, *Banning Noncompetes Is Good for Innovation*, Harv. Bus. Rev. (Feb. 6, 2023), https://perma.cc/93FH-6ABJ; Orly Lobel, *The Spinoff Advantage*, *in* The Cambridge Handbook of Law and Entrepreneurship in the United States 257-67 (D. Gordon Smith et. al. eds., 2022); Orly Lobel, *Boilerplate Collusion: Clause Aggregation, Antitrust Law & Contract Governance*, 106 Minn. L. Rev.

*amici* submitted comments to the Commission providing data and expertise during the rulemaking process in support of the Rule.[4]

3. Counsel for Plaintiff, Plaintiffs-Intervenors, and the Commission all advise that they consent to this motion.

4. While there is no Federal Rule of Civil Procedure that governs *amicus curiae* briefs in federal district court, courts have "discretion to consider 'amicus' briefing where 'the proffered information is timely and useful or otherwise necessary to the administration of justice.'" *United States ex rel. Long v. GSD & M Idea City LLC,* No. 3:11-CV-1154-O, 2014 WL 11321670, at *4 (N.D. Tex. Aug. 8, 2014) (citing *Does 1–7 v. Round Rock Indep. Sch. Dist.*, 540 F. Supp. 2d 735,

---

877 (2021); Orly Lobel, *Exit, Voice & Innovation: How Human Capital Policy Impacts Equality (& How Inequality Hurts Growth)*, 57 Hous. L. Rev. 781 (2020); Orly Lobel, *Knowledge Pays: Reversing Information Flows and the Future of Pay Equity*, 120 Colum. L. Rev. 547 (2020); Orly Lobel, *Noncompetes, Human Capital Policy & Regional Competition*, 45 J. of Corp. L. 931 (2020); Orly Lobel, *Why California Is Such a Talent Magnet*, Harv. Bus. Rev. (Jan. 19, 2016), https://perma.cc/U89T-2P78; Orly Lobel, *The New Cognitive Property*, 93 TEX. L. REV. 789 (2015); ORLY LOBEL, TALENT WANTS TO BE FREE: WHY WE SHOULD LEARN TO LOVE LEAKS, RAIDS, AND FREE RIDING (Yale Univ. Press 2013); On Amir & Orly Lobel, *How Noncompetes Stifle Performance*, Harv. Bus. Rev., Jan.-Feb. 2014, https://perma.cc/3R84-K9HX; On Amir & Orly Lobel, *Driving Performance: A Growth Theory of Noncompete Law*, 16 STAN. TECH. L. REV. 833 (2013); Christopher L. Peterson & Marshall Steinbaum, *Coercive Rideshare Practices: At the Intersection of Antitrust and Consumer Protection Law in the Gig Economy*, 90 U. CHI. L. REV. 623 (2023).

[4] See, e.g., Jonathan F. Harris, Dalié Jiménez, and Jonathan Glater, FTC-2023-0007-20873, Comment Letter at (Apr. 18, 2023); available at https://www.regulations.gov/comment/FTC-2023-0007-20873; Mark Lemley and Orly Lobel, FTC-2023-0007-10461, Comment Letter (March 15, 2023). available at https://www.regulations.gov/comment/FTC-2023-0007-10461; Rachel Arnow-Richman, Jonathan F. Harris, and Orly Lobel, FTC-2023-0007-19808, Comment Letter (Apr. 18, 2023), available at https://www.regulations.gov/comment/FTC-2023-0007-19808.

738 n.2 (W.D. Tex. 2007) (quoting *United States ex rel. Gudur v. Deloitte Consulting LLP,* 512 F.Supp.2d 920, 927-28 (S.D. Tex. 2007))).

5. The attached proposed *amici* brief will be "useful" to the Court. *See Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (courts are "well advised to grant motions for leave to file amicus briefs" unless they will be "obvious[ly]" unhelpful) (quoting *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.)). While amici have no personal interest in this case, they have longstanding professional interests in ensuring that the law and regulations support policies that maximize labor mobility, competition, and innovation and ensure fair and equal terms of employment for all workers. Noncompete agreements ("noncompetes"), studied extensively by *amici*, have long undermined these policy goals. *Amici* thus offer a unique and helpful perspective about the context and impact of noncompetes and the critical public interests served by the Rule. *Amici's* distinctive perspective and deeply informed expertise will be of value to the Court in considering the challenges to the Rule raised in this case.

6. *Amici's* submission of the brief is timely (five days after the party brief it supports), in line with the timing of a number of the *amicus* briefs accepted by the Court in support of the Plaintiffs and Plaintiff-Intervenors. Acceptance of

this brief will not cause any delay as it is being submitted with ample time for the parties to consider its arguments.

For the above reasons, *amici* respectfully ask the Court to grant leave to file the attached Motion for Leave to File Brief *Amici Curiae* of Professors in Support of the Federal Trade Commission's Opposition to Plaintiff's and Intervenors' Motions for a Preliminary Injunction.

Dated: June 3, 2024

Respectfully submitted,

By: /s/ Phillip R. Malone

Phillip R. Malone (*pro hac vice*)
Juelsgaard Intellectual Property &
  Innovation Clinic
Mills Legal Clinic, Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305
Tel: 650-725-6369
Fax: 650-723-4426
Email: pmalone@law.stanford.edu

CERTIFICATE OF CONFERENCE

I hereby certify that on May 29, 2024, I conferred with counsel for Plaintiff, Plaintiffs-Intervenors, and the Commission concerning their position on this Motion for Leave to File Brief *Amici Curiae* of Professors in Support of the Federal Trade Commission's Opposition to Plaintiff's and Intervenors' Motions for a Preliminary Injunction. Counsel for all parties advised that they consent to this Motion.

/s/ Phillip R. Malone

Phillip R. Malone (*pro hac vice*)
Juelsgaard Intellectual Property &
 Innovation Clinic
Mills Legal Clinic, Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305
Tel: 650-725-6369
Email: pmalone@law.stanford.edu

CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, I electronically transmitted to the Clerk of the Court of the US District Court for the Northern District of Texas and all counsel of record this Motion for Leave to File Brief *Amici Curiae* of Professors in Support of the Federal Trade Commission's Opposition to Plaintiff's and Intervenors' Motions for a Preliminary Injunction using the ECF system for filing and service in accordance with Local Rule 5.1.

/s/ Phillip R. Malone

Phillip R. Malone (*pro hac vice*)
Juelsgaard Intellectual Property &
  Innovation Clinic
Mills Legal Clinic, Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305
Tel: 650-725-6369
Email: pmalone@law.stanford.edu