
# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC,<br><br>*Plaintiff*,<br><br>CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, BUSINESS ROUNDTABLE, TEXAS ASSOCIATION OF BUSINESS, and LONGVIEW CHAMBER OF COMMERCE,<br><br>*Plaintiff-Intervenors*,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>*Defendant.* | Case No. 3:24-cv-986-E |

## PLAINTIFF AND PLAINTIFF-INTERVENORS' EXPEDITED MOTION FOR LIMITED RECONSIDERATION OF THE SCOPE OF PRELIMINARY RELIEF

## TABLE OF CONTENTS

*Page*

INTRODUCTION ..................................................................................................1

LEGAL STANDARD ............................................................................................3

ARGUMENT .........................................................................................................4

I.    EXPANSION OF THIS COURT'S ORDER IS APPROPRIATE UNDER CONTROLLING PRECEDENT. ...............................................4

II.    THE COURT'S PRELIMINARY RELIEF ORDER SHOULD APPLY TO PLAINTIFF-INTERVENORS' MEMBERS. ...................8

CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Alliance for Hippocratic Medicine* v. *U.S. Food & Drug Administration*,
  78 F.4th 210 (5th Cir. 2023) ...................................................................................5

*Association of American Physicians & Surgeons, Inc.* v. *Texas Medical Board*,
  627 F.3d 547 (5th Cir. 2010) ...................................................................................8

*Austin* v. *Kroger Texas, L.P.*,
  864 F.3d 326 (5th Cir. 2017) ...................................................................................4

*Braidwood Management, Inc.* v. *Becerra*,
  __ F.4th __, 2024 WL 3079340 (5th Cir. June 21, 2024) ...........................6, 7

*Brown* v. *Wichita County*,
  2011 WL 1562567 (N.D. Tex. Apr. 26, 2011) .................................................3, 4

*Career Colleges & Schools of Texas* v. *United States Department of Education*,
  98 F.4th 220 (5th Cir. 2024) ...........................................................................2, 5, 6, 8

*Casa de Maryland, Inc.* v. *Wolf*,
  486 F. Supp. 3d 928 (D. Md. 2020) .......................................................................8

*Chamber of Commerce* v. *Federal Trade Commission*,
  No. 6:24-cv-148 (E.D. Tex. May 3, 2024) .............................................................6

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) ...................................................................................5

*Doe* v. *Gipson*,
  2023 WL 9107728 (W.D. Tex. Dec. 7, 2023) .......................................................4

*Food & Drug Administration* v. *Alliance for Hippocratic Medicine*,
  602 U.S. 367 (2024) ...............................................................................................10

*Hunt* v. *Washington State Apple Advertising Commission*,
    432 U.S. 333 (1977) ................................................................................................9

*Madsen* v. *Women's Health Center*,
    512 U.S. 753 (1994) ................................................................................................7

*National Rifle Association of America, Inc.* v. *Bureau of*
    *Alcohol, Tobacco, Firearms & Explosives*,
    2024 WL 1349307 (N.D. Tex. Mar. 29, 2024) .......................................................8

*Nerium Skincare, Inc.* v. *Nerium International, LLC*,
    2017 WL 7052281 (N.D. Tex. May 12, 2017) .......................................................4

*Schiller* v. *Physicians Resource Group Inc.*,
    342 F.3d 563 (5th Cir. 2003) ..................................................................................4

*Speech First, Inc.* v. *Fenves*,
    979 F.3d 319 (5th Cir. 2020) ................................................................................11

*Texas* v. *Nuclear Regulatory Commission*,
    78 F.4th 827 (5th Cir. 2023) .................................................................................11

*Warth* v. *Seldin*,
    422 U.S. 490 (1975) ............................................................................................2, 8

**Statutes**

5 U.S.C. § 706 ...................................................................................................................4

5 U.S.C. § 705 ............................................................................................................... 4-5

## INTRODUCTION

On July 3, this Court entered an order preliminarily enjoining the Federal Trade Commission from enforcing the Noncompete Rule and staying the Rule's effective date pending the final disposition of this litigation. The Court correctly held that plaintiffs are likely to succeed on the merits of their challenges to the Rule. The Court then concluded that plaintiffs are entitled to preliminary injunctive relief and a stay of the Rule's effective date because companies affected by the Rule would suffer "financial injury" if the Rule went into effect. Moreover, the Court reasoned, "if the requested injunctive relief were not granted, the injury to both Plaintiffs and the public interest would be great," and the Commission had not explained why it would be harmed by a temporary delay in enforcing the Rule. *See* Order 27-28.

In specifying the terms of that preliminary relief, however, the Court limited the remedy to only the named plaintiffs in this case. The result of that limitation is that virtually all businesses affected by the Noncompete Rule—including plaintiff-intervenors' members—must continue to incur substantial costs preparing to comply with an unlawful regulation. And without preliminary relief, many of those businesses may feel compelled to intervene in this suit to protect their interests.

Plaintiffs respectfully request that the Court reconsider its decision to limit relief to the named plaintiffs. First, the Fifth Circuit has recognized that an order preliminarily enjoining an unlawful regulation or staying its effective date under the Administrative Procedure Act need not be "party-restricted." *Career Colleges & Schs. of Texas* v. *United States Dep't of Educ.*, 98 F.4th 220, 256 (5th Cir. 2024). Rather, the scope of preliminary relief "aligns with the scope of ultimate relief under Section 706, which is not party-restricted and allows a court to 'set aside' an unlawful agency action." *Id.* Accordingly, the Fifth Circuit and the Supreme Court have repeatedly stayed agency rules without party limitation. *See id.* Given the Court's recognition that the Noncompete Rule likely violates the APA, those decisions should inform the scope of the remedy here.

Second, even if the Court does not consider the scope of relief under the APA, plaintiff-intervenors are entitled to a remedy that protects their members from the Commission's unlawful regulation. The Supreme Court has expressly held that, in suits brought by associations on behalf of their members, any remedy granted should "inure to the benefit of those members of the association actually injured." *Warth* v. *Seldin*, 422 U.S. 490, 511, 515 (1975). As the Court recognized in its Order (at 31 n.14), plaintiff-intervenors'

2

members—the very businesses targeted by the Rule's nationwide ban on the use of noncompete agreements—will suffer irreparable injury if the Rule is not preliminarily enjoined. Order 25. That irreparable injury includes the immediate costs of complying with the Commission's unlawful regulation. And while plaintiff-intervenors appreciate this Court's diligence in setting a schedule allowing for merits relief before the Rule's effective date, their members will be forced to incur substantial compliance costs before that date if this Court's preliminary order is not extended to afford them relief now.

It is vitally important to resolve the scope of the remedy as soon as possible. In granting preliminary injunctive relief, the Court noted the need to "maintain[] the status quo" and "prevent[] the substantial economic impact of the Rule" during the pendency of this litigation. Order 28. Plaintiffs respectfully request that, in order to achieve those objectives, the Court revise the scope of its preliminary injunction and stay.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) "provides that an order that adjudicates fewer than all the claims among the parties 'may be revised at any time' before the entry of a final judgment." *Brown* v. *Wichita Cty.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (quoting Fed. R. Civ. P. 54(b)). That

3

rule applies to motions requesting reconsideration of an order granting preliminary relief. *See, e.g.*, *Doe* v. *Gipson*, 2023 WL 9107728, at *2 (W.D. Tex. Dec. 7, 2023); *Nerium Skincare, Inc.* v. *Nerium Int'l, LLC*, 2017 WL 7052281, at *4 (N.D. Tex. May 12, 2017).

The decision to grant a motion for reconsideration under Rule 54(b) "rests within the discretion of the court." *Brown*, 2011 WL 1562567, at *2. Unlike motions seeking reconsideration of a final judgment, which require the movant to show "a manifest error of law of fact," "newly discovered evidence," or "an intervening change in the controlling law," *Schiller* v. *Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003), Rule 54(b) allows a district court "to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin* v. *Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (collecting cases).

## ARGUMENT

### I. EXPANSION OF THIS COURT'S ORDER IS APPROPRIATE UNDER CONTROLLING PRECEDENT.

The APA authorizes district courts to "hold unlawful and set aside agency action." 5 U.S.C. § 706. In moving for preliminary relief, plaintiffs also

invoked Section 705 of the APA, which authorizes a district court to "postpone the effective date of an agency action." *Id.* § 705.

Construing the remedial provisions of the APA, the Fifth Circuit has held that "the scope of relief" for successful APA claims "is not party-restricted." *Career Colleges*, 98 F.4th at 255. That conclusion follows from the statute's express textual authorization for a court to "set aside" or "invalidate" agency action—when an agency rule is deemed "invalid," "it may not be applied to anyone." *Id.* (quoting Mila Sohoni, *The Power to Vacate A Rule*, 88 Geo. Wash. L. Rev. 1121, 1173 (2020)); *see In re Clarke*, 94 F.4th 502, 512 (5th Cir. 2024) ("Should plaintiffs prevail on their APA challenge, this court must 'set aside' CFTC's ultra vires rescission action, with nationwide effect."). To align relief under Section 705 with Section 706, an order "postpon[ing] the effective date" under Section 705 likewise need not be party-restricted. *Career Colleges*, 98 F.4th at 255; *see Alliance for Hippocratic Medicine* v. *FDA*, 78 F.4th 210, 254 (5th Cir. 2023), *rev'd on other grounds*, 602 U.S. 367 (2024) (explaining that "a stay is a temporary form of vacatur" that "effectively rescinds the unlawful agency action").

Applying these principles, the Fifth Circuit in *Career Colleges* rejected the same argument the Commission made here—that preliminary relief in an

APA suit must be limited "to the named parties" in the suit. *Id.* at 255. And the court did so despite the government's contention (repeated in this case) that "[p]rinciples of equity" require a narrower remedy. U.S. Br. 52-53, *Career Colleges*, *supra*, 2023 WL 6543249, at *52-53 (citing *Califano* v. *Yamasaki*, 442 U.S. 682, 702 (1979)); *see* FTC Br. 40 (same).

*Career Colleges* thus supports an expansion of the remedy here. This Court found that plaintiffs were likely to succeed in their APA challenges and that relief was appropriate under Section 705. *See* Order 32. Given that holding, there is no basis for restricting the relief to only the named parties. Notably, another district court considering this very issue determined that nationwide relief would be necessary if plaintiff-intervenors' claims challenging the Noncompete Rule were successful. *See* Op. at 8, *Chamber of Commerce* v. *Fed. Trade Comm'n*, No. 6:24-cv-148 (E.D. Tex. May 3, 2024) (holding that any "permanent or preliminary relief" obtained by the plaintiffs challenging the Noncompete Rule would not be "limited to the named plaintiff but, instead, [would] vacat[e] or postpon[e] a rule as to all whom it would otherwise bind").

Although the Court's Order suggests otherwise (at 30), the Fifth Circuit's decision in *Braidwood* does not depart from this principle. In that

6

case, the Fifth Circuit reaffirmed that the APA "provides that a 'reviewing court *shall*' set aside unlawful agency action" in an order that "has nationwide effect" and "is not party-restricted," and rejected the government's argument that a court was "require[d]" to "consider[] the various equities at stake before determining whether a party is entitled to vacatur." *Braidwood Mgm't, Inc. v. Becerra*, __ F.4th __ , 2024 WL 3079340, at *13-14 (5th Cir. June 21, 2024) (citing *Career Colleges*, 98 F.4th 255) (footnotes and quotation marks omitted). The Fifth Circuit merely held that those principles did not apply in *Braidwood* because the plaintiffs there *had not pursued an APA claim. See id.* The same is true of *Madsen* v. *Women's Health Center*, 512 U.S. 753 (1994), also referenced in the Court's Order (at 31), as that case involved a challenge to a state-court order under the First Amendment, not an APA challenge.

This Court correctly held that the Commission violated the APA in promulgating the Noncompete Rule and that plaintiffs are entitled to relief under Section 705 of the APA. Because this Court has already recognized the ongoing harms to plaintiff-intervenors' members and expanded relief is supported by both Supreme Court and Fifth Circuit precedent, plaintiff-intervenors respectfully request the Court expand the scope of the preliminary relief.

7

## II.  THE COURT'S PRELIMINARY RELIEF ORDER SHOULD APPLY TO PLAINTIFF-INTERVENORS' MEMBERS.

To provide full relief to plaintiff-intervenors in this case, however, this Court need not decide the proper scope of relief under Section 705. Plaintiff-intervenors respectfully request that this Court apply settled principles of associational standing to extend preliminary relief to their members. It is well established that associations are entitled to pursue claims on behalf of their members and to obtain a remedy for those members when those claims are successful. *See Warth*, 422 U.S. at 515; *Association of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 551 (5th Cir. 2010) (*AAPS*). Accordingly, courts regularly grant plaintiff-associations relief that extends at least to their full membership. *See, e.g.*, *Career Colleges*, 98 F.4th at 255; *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 2024 WL 1349307, at *6 (N.D. Tex. Mar. 29, 2024) (enjoining federal officials from enforcing a rule "against the NRA's members"); *Casa de Maryland, Inc. v. Wolf*, 486 F. Supp. 3d 928, 972 (D. Md. 2020) (providing injunctive relief to "members of CASA and ASAP"). And in suits like this one—where an association brings suit "solely as a representative of its members," rather than to prevent "injury to itself," *AAPS*, 627 F.3d at 550—

8

an injunction or stay protecting the association's members is the only way to afford the plaintiff-association any meaningful remedy.

Plaintiff-intervenors have established associational standing in this case. An association has standing to sue on behalf of its members when it seeks to protect interests that "are germane to the organization's purpose," its members "have standing to sue in their own right," and "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt* v. *Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Each of those requirements is readily satisfied here.

First, plaintiff-intervenors alleged they are "committed to protecting the interests of [their] members [and] regularly advocate for reforms that reduce . . . regulatory burdens." Compl. ¶ 34 (ECF No. 37). And they supported that allegation with detailed declarations about the purpose and mission of each organization. *See* ECF No. 47, Ex. B, ¶¶ 3-4 (Texas Association of Business); ECF No. 47, Ex. C, ¶¶ 3, 8 (Longview Chamber of Commerce); ECF No. 47, Ex. C, ¶¶ 3-5 (Chamber of Commerce of the United States of America); ECF No. 47, Ex. G, ¶¶ 3-4 (Business Roundtable).

Second, plaintiff-intervenors demonstrated that their members will suffer concrete harms as a result of the Noncompete Rule. *See* ECF No. 47,

9

Ex. B, ¶¶ 6-8; *id.*, Ex. C, ¶¶ 7-10; *id.*, Ex. D, ¶¶ 7-12; *id.*, Ex. G ¶¶ 6-11; *see also* Ex. E ¶¶ 3, 9-12; *id.*, Ex. F ¶¶ 3, 10-13 (declarations from two of plaintiff-intervenor U.S. Chamber's members describing the harms caused by the Noncompete Rule). Accordingly, plaintiff-intervenors' members would have standing to sue in their own right. *See FDA v. All. for Hippocratic Medicine*, 602 U.S. 367, 382 (2024) ("Government regulations that require or forbid some action by the plaintiff almost invariably satisfy both the injury in fact and causation requirements.").

Third, under Fifth Circuit precedent, plaintiff-intervenors' claims for declaratory and injunctive relief do not require the participation of any individual members. *See* Compl. ¶ 34 (ECF No. 37) (citing *AAPS*, 627 F.3d at 550). And the Commission has not disputed plaintiff-intervenors' standing to challenge the Noncompete Rule on behalf of their members. *See* Order 31 n.14.

Because plaintiff-intervenors have established associational standing, they are entitled to a remedy that prevents harm to their members. And this Court has already explained that "compliance with the Rule would result in financial injury" to businesses throughout the country—including plaintiff-intervenors' members. Order 26; *see id.* 25 (describing plaintiff-intervenors'

10

evidence of harm). Indeed, the whole purpose of the Noncompete Rule was to prohibit plaintiff-intervenors' members from entering into noncompete agreements, so they are the express target of the regulation.

In declining to extend relief to plaintiff-intervenors' members, the Court stated that plaintiff-intervenors had not sufficiently briefed associational standing. *See* Order 31. Plaintiff-intervenors had not briefed that issue before now only because "nothing in the record alerted [plaintiff-intervenors] to the possibility that their standing would be challenged." *Texas* v. *Nuclear Reg. Comm'n*, 78 F.4th 827 (5th Cir. 2023) (quoting *American Libr. Ass'n* v. *Fed. Trade Comm'n*, 401 F.3d 489, 492 (D.C. Cir. 2005)). Moreover, as discussed above, plaintiff-intervenors alleged associational standing in their complaint and supported it with evidence necessary to obtain preliminary relief. *See, e.g.*, *Speech First, Inc.* v. *Fenves*, 979 F.3d 319, 329-331 (5th Cir. 2020) (holding that an association established standing through declarations demonstrating harm to members). Plaintiff-intervenors ask this Court to consider these allegations and evidence of associational standing and to expand the scope of preliminary relief.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court reconsider and expand the scope of the preliminary relief granted in its July 3 Order.

Dated: July 10, 2024

Jordan L. Von Bokern (D.C. Bar No. 1032962)
Tyler S. Badgley (D.C. Bar No. 1047899)
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, D.C. 20062
Tel: (202) 463-5337
jvonbokern@uschamber.com
tbadgley@uschamber.com


Liz Dougherty* (D.C. Bar No. 457352)
BUSINESS ROUNDTABLE
1000 Maine Avenue SW
Washington, D.C. 20024
202-872-1260
ldougherty@brt.org

* *Pro hac vice* pending

Respectfully submitted,

/s/ *Robert L. Sayles*
Robert L. Sayles (Texas Bar No. 24049857)
Boyce Holleman (Texas Bar No. 24126727)
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue
Suite 3600
Dallas, TX 75202
Tel: (214) 257-9800
Fax: (214) 939-8787
rsayles@bradley.com
bholleman@bradley.com

Jeffrey B. Wall (Georgia Bar No. 750427)
Judson O. Littleton (D.C. Bar No. 1027310)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C. 20006-5215
Tel: (202) 956-7000
wallj@sullcrom.com
littletonj@sullcrom.com


*Counsel for Plaintiff-Intervenors Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce*

13

| | /s/ *Allyson H. Ho* |
|---|---|
| Allyson N. Ho | Eugene Scalia (*pro hac vice*) |
| Texas Bar No. 24033667 | Amir C. Tayrani (*pro hac vice*) |
| Elizabeth A. Kiernan | Andrew G. I. Kilberg (*pro hac vice*) |
| Texas Bar No. 24105666 | Aaron Hauptman (*pro hac vice*) |
| GIBSON, DUNN & CRUTCHER LLP | Joshua R. Zuckerman (*pro hac vice*) |
| 2001 Ross Avenue, Suite 2100 | GIBSON, DUNN & CRUTCHER LLP |
| Dallas, TX 75201 | 1050 Connecticut Avenue, N.W. |
| Telephone: 214.698.3100 | Washington, DC 20036 |
| Facsimile: 214.571.2900 | Telephone: 202.955.8500 |
| aho@gibsondunn.com | Facsimile: 202.467.0539 |
| ekiernan@gibsondunn.com | escalia@gibsondunn.com |
| | atayrani@gibsondunn.com |
| Charles W. Fillmore | akilberg@gibsondunn.com |
| Texas Bar No. 00785861 | ahauptman@gibsondunn.com |
| H. Dustin Fillmore III | jzuckerman@gibsondunn.com |
| Texas Bar No. 06996010 | |
| THE FILLMORE LAW FIRM LLP | *Counsel for Ryan, LLC* |
| 201 Main Street, Suite 700 | |
| Fort Worth, TX 76102 | |
| Telephone: 817.332.2351 | |
| chad@fillmorefirm.com | |
| dusty@fillmorefirm.com | |

14

## CERTIFICATE OF WORD COUNT

This Brief In Support of Motion for Stay of Effective Date and Preliminary Injunction complies with the Procedures for Cases Assigned to District Judge Ada Brown and Standing Order, Rule II(A), because it contains 2,322 words.

/s/ *Robert L. Sayles*
Robert L. Sayles

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I hereby certify that on July 8, 2024, counsel for plaintiff-intervenors conferred with Rachael L. Westmoreland and other counsel for defendant regarding plaintiff-intervenors intention to file this motion. Defendant's counsel stated that Defendant is opposed to this motion and the relief requested herein.

/s/ *Judson O. Littleton*
Judson O. Littleton

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, I electronically transmitted the attached document to the Clerk of the Court and all counsel of record using the ECF System for filing and service in accordance with Local Rule 5.1.

/s/ *Robert L. Sayles*
Robert L. Sayles

15