# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC, <br><br> Plaintiff, <br><br> CHAMBER OF COMMERCE, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> FEDERAL TRADE COMMISSION, <br><br> Defendant. | CASE NO.: 3:24-CV-986 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF AND PLAINTIFF-INTERVENORS' MOTION FOR EXPEDITED BRIEFING REGARDING THEIR MOTION FOR RECONSIDERATION & REQUEST TO HOLD BRIEFING ON MOTION FOR RECONSIDERATION IN ABEYANCE**

On July 3, 2024, the Court granted Plaintiff and Plaintiff-Intervenors' motion for a preliminary injunction and postponed the effective date of the Non-Compete Rule as applied to Plaintiff and Plaintiff-Intervenors. *See* Mem. Op. & Order ("Prelim. Inj. Op."), ECF No. 153; Prelim. Inj. ("Prelim. Inj. Order"), ECF No. 154; Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024) ("Non-Compete Rule" or "Rule"). The Court also stated that it intends to enter a disposition on the merits of this action by August 30, 2024, Prelim. Inj. Op. at 32—five days before the Rule takes effect on

September 4, 2024, *see* 89 Fed. Reg. at 38,342. The Court's preliminary injunction will dissolve upon "the Court's decision on the merits." Prelim. Inj. Order at 1.

On July 10, 2024, Plaintiff and Plaintiff-Intervenors filed a motion for reconsideration of the preliminary injunction, requesting that the Court extend the scope of relief to additional parties not before the Court. Pl. & Pl.-Intervenors' Expedited Mot. for Limited Reconsideration of the Scope of Prelim. Relief ("Reconsideration Mot."), ECF No. 157. Plaintiff and Plaintiff-Intervenors also filed a motion for expedited consideration of their reconsideration motion, requesting that the Court order Defendant to respond in just two days—by July 12—rather than the twenty-one days afforded by the Local Rules. Pl. & Pl.-Intervenors' Mot. for Expedited Consideration of Their Mot. for Limited Reconsideration of the Scope of Prelim. Relief. ("Expedition Mot."), ECF No. 159; *see* N.D. Tex. L.R. 7.1(e). For the reasons explained below, Defendant opposes expedition.[1]

In light of the Court's intention to enter a disposition of this action on the merits before the Non-Compete Rule takes effect, there is no basis for expedited consideration of Plaintiff and Plaintiff-Intervenors' reconsideration motion. The question of the proper scope of any preliminary injunctive relief will become moot when the Court enters final judgment on the merits of Plaintiff and Plaintiff-Intervenors' claims, at which time the preliminary injunction will dissolve. And that decision is expected

---

[1] Defendant reserves its distinct arguments that Plaintiff and Plaintiff-Intervenors' motion for reconsideration lacks substantive merit.

before the Non-Compete Rule takes effect, *i.e.*, before anyone—regardless of the scope of preliminary injunctive relief—is required to comply with it. The issues raised in Plaintiff and Plaintiff-Intervenors' reconsideration motion are thus merely academic.

Plaintiff and Plaintiff-Intervenors contend that, without expedited consideration of their reconsideration motion, parties not currently before the Court will "incur substantial costs preparing to comply" with the Non-Compete Rule. Reconsideration Mot. at 1; *see also* Expedition Mot. at 4. But the Court intends to decide the parties' cross-motions for summary judgment five days before the Rule takes effect. Thus, *all* parties, including those properly before the Court who have obtained preliminary injunctive relief, must prepare to comply with the Rule in the event that the Court grants Defendant's motion for summary judgment. And the parties may address the proper scope of any final relief in their forthcoming cross-motions for summary judgment. In sum, Plaintiff and Plaintiff-Intervenors do not argue—much less submit evidence—that any non-party will incur any marginal compliance costs as a result of the properly limited scope of the preliminary injunction.

Plaintiff and Plaintiff-Intervenors also suggest that non-parties "may feel compelled to intervene in this suit to protect their interests." *Id.* Reconsideration Mot. at 1; *see also* Expedition Mot. at 4. But the requirement of party-specific relief is a feature, not a bug, of our judicial system. *See, e.g., DHS v. New York*, 140 S. Ct. 599, 600-01 (2020) (Gorsuch, J., concurring). If Plaintiff-Intervenors hoped to secure relief on behalf of particular members to save them from intervening, they should have

3

submitted evidence and carried their burden of establishing authority to obtain relief on behalf of those identified members. As the Court properly concluded, they did not. Prelim. Inj. Op. at 31. The Court should not allow Plaintiff-Intervenors' failure to result in the imposition of an unreasonable deadline on Defendant, particularly as Plaintiff-Intervenors are claiming exigency on behalf of unspecified parties with unspecified non-compete clauses.

Plaintiff and Plaintiff-Intervenors' contention that "this Court's ruling on the motion for reconsideration could impact plaintiffs' briefs in support of summary judgment, which are due on July 19," also does not warrant expedition. Expedition Mot. at 4. When counsel for the parties conferred with respect to Plaintiff and Plaintiff-Intervenors' potential motion to intervene and a proposed schedule for briefing on cross-motions for summary judgment on July 8, 2024, counsel for Defendant stated that Defendant would not oppose a reasonable expansion of the word limit applicable to the parties' summary judgment briefs to allow Plaintiff and Plaintiff-Intervenors adequate space to develop any arguments with respect to the proper scope of final relief in this action.

Additionally, the Court has ordered expedited briefing and committed to entering final judgment on the merits of Plaintiff and Plaintiff-Intervenors' claims on an expedited basis. *See* Order, ECF No. 156. That already expedited schedule is further reason why Defendant and the Court should not expend additional limited resources

4

briefing and ruling on a reconsideration motion that lacks practical significance—much less on an expedited basis.

As the Fifth Circuit has emphasized, "motions deadlines . . . are not rigid, and the district court has broad discretion to control its own docket and extend filing deadlines." *Yee v. Baldwin-Price*, 325 F. App'x 375, 378 (5th Cir. 2009) (collecting cases). In the exercise of this discretion, the Court may properly consider the "efficient use of judicial resources," including where a pending motion will soon be overtaken by events. *Williams v. Bankers Life & Cas. Co.*, No. 21-CV-293-SDD-SDJ, 2022 WL 187809, at *2 (M.D. La. Jan. 20, 2022) (delaying discovery where a motion to compel arbitration was pending).

Accordingly, the Court should deny Plaintiff and Plaintiff-Intervenors' motion for expedited consideration of their reconsideration motion and exercise its discretion to hold the reconsideration motion in abeyance pending the Court's disposition of this action on the merits.

Dated: July 11, 2024                    Respectfully submitted,

                                                               BRIAN M. BOYNTON
                                                               Principal Deputy Assistant Attorney General

                                                               LESLEY R. FARBY
                                                               Assistant Branch Director

                                                               */s/ Taisa M. Goodnature*
                                                               TAISA M. GOODNATURE

(New York Bar No. 5859137)
RACHAEL L. WESTMORELAND
ARJUN MODY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3786
E-mail: Taisa.M.Goodnature@usdoj.gov

## CERTIFICATE OF WORD COUNT

This document complies with the Court's word count requirement because it contains 982 words.

Dated: July 11, 2024                    /s/ *Taisa M. Goodnature*
                                        TAISA M. GOODNATURE
                                        (New York Bar No. 5859137)
                                        RACHAEL L. WESTMORELAND
                                        ARJUN MODY
                                        Trial Attorneys
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, NW
                                        Washington, D.C. 20005
                                        Tel: (202) 514-3786
                                        E-mail: Taisa.M.Goodnature@usdoj.gov

## CERTIFICATE OF SERVICE

On July 11, 2024, I electronically filed the above response with the clerk of court for the U.S. District Court, Northern District of Texas. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


*/s/ Taisa M. Goodnature*

Taisa M. Goodnature