# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RYAN LLC,<br><br>*Plaintiff,*<br><br>CHAMBER OF COMMERCE OF THE UNITED STATES, BUSINESS ROUNDTABLE, TEXAS ASSOCIATION OF BUSINESS, and LONGVIEW CHAMBER OF COMMERCE,<br><br>*Plaintiff-Intervenors,*<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>*Defendant.* | Civil Action No. 3:24-CV-00986-E<br><br>Hon. Ada Brown |

**UNOPPOSED MOTION OF AMERICAN PROPERTY CASUALTY INSURANCE ASSOCIATION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S AND INTERVENORS' MOTIONS FOR SUMMARY JUDGMENT**

The American Property Casualty Insurance Association ("APCIA") respectfully moves this Court for leave to file a brief as *amicus curiae* in support of Plaintiff's and Intervenors' motions for summary judgment. For reasons described below, the proposed brief includes relevant information that may aid this Court in

resolving these motions. Counsel for the Parties have been consulted, and all consent to this motion.

APCIA, as the nation's premier insurance trade association, with members writing 65 percent of the U.S. property casualty insurance market, is particularly well-situated to opine on the FTC's Non-Compete Rule, 89 Fed. Reg. 38,342 (May 7, 2024) (the "Rule"), given the widespread use of non-compete agreements in the property casualty insurance industry, as well as the insurance industry's unique experience with the limits of the FTC's statutory authority.

This case involves a challenge to the FTC's unprecedented attempt to claim substantive rulemaking authority with respect to unfair methods of competition, and the FTC maintains that its statutory authority to promulgate the Rule can be found in subsection (g) of Section 6 of the Federal Trade Commission Act, 15 U.S.C. § 46(g). The insurance industry in general, and APCIA in particular (through its legacy organization the American Insurance Association), has previously been involved with efforts by Congress to clarify the limits of the FTC's Section 6 authority, and as a result wishes to opine on the Rule – which could have considerable impact on the insurance industry given its widespread use of non-compete clauses – and to share information relating to Section 6 authority that is otherwise unlikely to be brought to the attention of the Court by the Parties.

APCIA also has a unique vantage point into questions pertaining to the FTC's authority to preempt state law. The "business of insurance" has for many decades fallen beyond the reach of the Federal Trade Commission Act due to a statutory exemption found in the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq. As representatives of an industry where federal law recognizes the primacy of state regulation, APCIA believes that the potential preemptory effect of the Rule on the many state-level statutory regimes regulating the use of non-compete clauses is worthy of this Court's attention.

## CONCLUSION

The Court should grant leave for APCIA to file the contemporaneously-submitted brief as *amicus curiae* in support of Plaintiff's and Intervenors' motions for summary judgment.

Dated:  July 26, 2024

Darrell Calvin
Texas State Bar No. 24012372
MARTIN, DISIERE, JEFFERSON
   & WISDOM, LLP
9111 Cyprus Waters Blvd, Suite 250
Dallas, TX 75019
(214) 420-5536
(214) 420-5501 (*fax*)
calvin@mdjwlaw.com

Respectfully submitted,

*/s/ Paul A. Howard, II*
Paul A. Howard, II
(*pro hac vice* pending)
D.C. Bar No. 988991
HOWARD LAW & POLICY GROUP PLLC
1701 K Street NW, Suite 225
Washington, DC 20006
(202) 939-1588
paul.howard@howardlpg.com

*Counsel for* Amicus Curiae

## CERTIFICATE OF CONFERENCE (Local Rule 7.1)

I hereby certify that on July 24, 2024, I conferred with counsel for Plaintiff, counsel for Intervenors, and counsel for the Federal Trade Commission ("FTC") regarding their position on this motion. Counsel for Plaintiff, Intervenors, and the FTC all consent to the relief requested in this motion.

Dated:  July 26, 2024

Darrell Calvin
Texas State Bar No. 24012372
MARTIN, DISIERE, JEFFERSON
  & WISDOM, LLP
9111 Cyprus Waters Blvd, Suite 250
Dallas, TX 75019
(214) 420-5536
(214) 420-5501 (*fax*)
calvin@mdjwlaw.com

Respectfully submitted,

*/s/ Paul A. Howard, II*
Paul A. Howard, II
(*pro hac vice* pending)
D.C. Bar No. 988991
HOWARD LAW & POLICY GROUP PLLC
1701 K Street NW, Suite 225
Washington, DC 20006
(202) 939-1588
paul.howard@howardlpg.com

*Counsel for* Amicus Curiae

## CERTIFICATE OF WORD COUNT

This document complies with the Court's word count requirement because it includes 389 words.

Dated: July 26, 2024

Respectfully submitted,

/s/ Paul A. Howard, II
Paul A. Howard, II
(*pro hac vice* pending)
D.C. Bar No. 988991
HOWARD LAW & POLICY GROUP PLLC
1701 K Street NW, Suite 225
Washington, DC 20006
(202) 939-1588
paul.howard@howardlpg.com

Darrell Calvin
Texas State Bar No. 24012372
MARTIN, DISIERE, JEFFERSON
   & WISDOM, LLP
9111 Cyprus Waters Blvd, Suite 250
Dallas, TX 75019
(214) 420-5536
(214) 420-5501 (*fax*)
calvin@mdjwlaw.com

*Counsel for* Amicus Curiae

## CERTIFICATE OF SERVICE

I hereby certify that, on July 26, 2024, I electronically filed this document using the ECF system, which will send notification to the ECF counsel of record.

Dated: July 26, 2024

Respectfully submitted,

*/s/ Paul A. Howard, II*

| | |
|---|---|
| Darrell Calvin | Paul A. Howard, II |
| Texas State Bar No. 24012372 | (*pro hac vice* pending) |
| MARTIN, DISIERE, JEFFERSON | D.C. Bar No. 988991 |
| & WISDOM, LLP | HOWARD LAW & POLICY GROUP PLLC |
| 9111 Cyprus Waters Blvd, Suite 250 | 1701 K Street NW, Suite 225 |
| Dallas, TX 75019 | Washington, DC 20006 |
| (214) 420-5536 | (202) 939-1588 |
| (214) 420-5501 (*fax*) | paul.howard@howardlpg.com |
| calvin@mdjwlaw.com | |

*Counsel for* Amicus Curiae