# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC, <br><br> Plaintiff, <br><br> CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> FEDERAL TRADE COMMISSION, <br><br> Defendant. | CASE NO.: 3:24-CV-986-E |

## DEFENDANT'S RESPONSE TO PLAINTIFF AND PLAINTIFF-INTERVENORS' MOTIONS FOR SUMMARY JUDGMENT

The Court should deny Plaintiff's—Ryan, LLC—and Plaintiff-Intervenors'—the U.S. Chamber of Commerce, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce—motions for summary judgment. ECF Nos. 166, 168. Each of the matters required by Local Rule 56.4(a) will be set forth in Defendant, the Federal Trade Commission's ("the Commission"), accompanying consolidated brief in support of its motion for summary judgment and in opposition to Plaintiff and Plaintiff-Intervenors' motions for summary judgment.

Plaintiff and Plaintiff-Intervenors seek to invalidate the Commission's rule declaring most existing non-compete clauses in contracts ("non-competes") to be unenforceable "unfair methods of competition," subject to an exception for certain senior executives, and banning the future use of most non-competes. Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024) ("Rule" or "Final Rule"). Plaintiff and Plaintiff-Intervenors are not entitled to judgment as a matter of law on their claims because: (1) Congress authorized the Commission in clear language to prevent unfair methods of competition through both adjudication and rulemaking, and the Commission's choice of rulemaking to address the anticompetitive effects of non-competes is both logical and unremarkable; (2) the major questions doctrine is not implicated, as the Rule falls squarely within the Commission's delegated authority and expertise; (3) the Sherman Act's framework is inapplicable, since the Federal Trade Commission Act was designed to supplement the Sherman Act and expressly confers the authority to prevent unfair methods of competition; (4) the Federal Trade Commission Act provides an intelligible principle by which the Rule can be measured; (5) the Rule is not unlawfully retroactive since it has only prospective effects; (6) Ryan's removal challenge is foreclosed by binding precedent; and (7) the Commission easily satisfies the deferential arbitrary-and-capricious standard given its exhaustive study of non-competes and thorough economic justifications for the Rule.

For the reasons explained in the Commission's accompanying brief, the Court should deny Plaintiff and Plaintiff-Intervenors' motions for summary judgment, grant

the Commission's motion for summary judgment, and enter judgment for the Commission. But even if the Court is inclined to enter judgment for Plaintiffs, it should carefully circumscribe any relief in accordance with the Administrative Procedure Act ("APA") and equitable principles.

Dated: August 2, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY R. FARBY
Assistant Branch Director

*/s/ Rachael L. Westmoreland*
RACHAEL L. WESTMORELAND
(GA Bar No. 539498)
TAISA M. GOODNATURE
ARJUN MODY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-1280
E-mail: rachael.westmoreland@usdoj.gov

3

## CERTIFICATE OF WORD COUNT

This document complies with the Court's word count requirement because it contains 359 words.

Dated: August 2, 2024       /s/ *Rachael L. Westmoreland*
               RACHAEL L. WESTMORELAND (GA Bar No. 539498)
               Trial Attorney
               U.S. Department of Justice
               Civil Division, Federal Programs Branch
               1100 L Street, NW
               Washington, D.C. 20005
               Tel: (202) 514-1280
               E-mail: rachael.westmoreland@usdoj.gov

## CERTIFICATE OF SERVICE

On August 2, 2024, I electronically filed the above response with the clerk of court for the U.S. District Court, Northern District of Texas. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


*/s/ Rachael L. Westmoreland*

Rachael L. Westmoreland