# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC,<br><br>Plaintiff,<br><br>CHAMBER OF COMMERCE OF<br>THE UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>Defendant. | Case No.: 3:24-CV-986-E |

### UNOPPOSED MOTION OF NYU LANGONE HEALTH'S
### FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE SUPPORTING
### FTC'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
### <u>PLAINTIFFS' MOTIONS FOR SUMMARY JUDGEMENT</u>

Pursuant to Local Rule 7.2(b), NYU Langone Health respectfully moves for leave to file the attached brief as amicus curiae in support of Defendant Federal Trade Commission's ("FTC") Motion for Summary Judgment (Dkt. 184) and FTC's opposition to Plaintiff Ryan, LLC's Motion for Summary Judgment (Dkt. 166) and

Plaintiff-Intervenors' Motion for Summary Judgment (Dkt. 168) (Plaintiff and Plaintiff-Intervenors are referred to together herein as "Plaintiffs"). Defendant and Plaintiffs consent to the filing of the proposed amicus brief.

## ARGUMENT

The decision to allow amicus briefing lies within the Court's discretion, such as where the "proffered information is timely and useful or otherwise necessary to the administration of justice." *See United States ex rel. Long v. GSD & M Idea City LLC*, 2014 WL 11321670, at *4 (N.D. Tex. Aug. 8, 2014) (internal quotation and citation omitted); *see also generally* Fed. R. App. P. 29 (although governing the filing of amicus curiae briefs in federal appellate courts, the rule may inform a district court's discretion in considering whether to grant leave).

NYU Langone Health's proposed amicus brief is timely and useful. As the Court considers the pending motions for summary judgment, NYU Langone Health can help to ensure that the Court has the fullest understanding of the impact of post-employment clauses in employment agreements with doctors. NYU Langone Health is one of the nation's premier academic medical centers which is comprised of the NYU Langone Health System, NYU Langone Hospitals, the NYU Grossman School of Medicine, and the NYU Long Island School of Medicine.

Additionally, NYU Langone Hospital's perspective is important, because, on July 29, 2024, the American Hospital Association filed an amicus brief with this Court which opposes the rule adopted by the Federal Trade Commission banning non-compete clauses in employment agreements (the "FTC Non-Compete Clause Rule"). Dkt. 183. NYU Langone Hospitals is a long-standing member of the AHA but does not agree with the position advanced by the AHA in its amicus brief. NYU Langone Health is thus compelled to make its support of the FTC Non-Compete Clause Rule, and the reasons for its support, part of the record in this proceeding.

Because non-compete post-employment clauses in doctor agreements are harmful for patients, NYU Langone Health supports the FTC Non-Compete Clause Rule. NYU Langone Health's proposed brief attaches its comment in response to the FTC's Notice of Proposed Rulemaking Regarding the Non-Compete Clause Rule, dated January 19, 2023. Specifically, on March 30, 2023, Robert I. Grossman, M.D., Dean and Chief Executive Officer of NYU Langone Health, submitted a letter stating the reasons why post-employment clauses should be prohibited in employment agreements with doctors, namely the harm they deliver to patients. As more fully set forth in Dr. Grossman's letter, non-compete post-employment clauses significantly impact: (1) the patient-doctor relationship; (2) patient access; and (3)

patient choice. Non-compete post-employment clauses also unfairly constrain physicians and are anti-competitive. The proposed brief is attached to this motion.

## CONCLUSION

The Court should grant NYU Langone Health leave to file the attached amicus brief.

Dated:     August 7, 2024

Respectfully submitted,

*/s/ Meagan Martin Powers*
Meagan Martin Powers
State Bar No. 24050997
**MARTIN POWERS & COUNSEL, PLLC**
1431 Greenway Drive, Suite 950
Irving, Texas 75038
Telephone: (214) 612-6474
Direct Line: (214) 612-6471
Facsimile: (214) 247-1155
meagan@martinpowers.com

Jodyann Galvin (Admitted *pro hac vice*)
New York Registration No. 294812
**HODGSON RUSS LLP**
The Guaranty Building
140 Pearl Street
Buffalo, New York 14202
Telephone: (716) 848-1520
Facsimile: (716) 819-4671
JGalvin@hodgsonruss.com

**ATTORNEYS FOR NYU LANGONE HEALTH**

## CERTIFICATE OF COMPLIANCE

This document complies with Judge Brown's Motion Practice procedures II.A because it contains 790 words and has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: August 7, 2024.

*/s/ Meagan Martin Powers*
Meagan Martin Powers

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 2, 2024, I conferred with counsel for Plaintiff, counsel for Plaintiffs-Intervenors, and counsel for Defendant (the "Parties") for their position on this motion. The Parties consent to the relief requested in the motion.

Dated August 7, 2024.

/s/ *Meagan Martin Powers*
Meagan Martin Powers

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing document was electronically filed in this matter with the Clerk of the Court, using the ECF system, which sent notification of such filing to all counsel of record.

Dated August 7, 2024.

/s/ *Meagan Martin Powers*
Meagan Martin Powers